## DAVID HENRY

### *v.*

## PHILANDER EDDY.

1. PLEDGE — *as collateral security.* When property or choses in action have been pledged to secure the payment of a debt, before the owner can reinvest himself with the right to resume its possession, he must pay the debt, or at least make a sufficient tender.

2. SAME. On the death of the creditor, before the debt is paid, the pledge passes to his legal representatives, and they may exercise the same rights over it as the creditor might if living.

3. INSTRUCTIONS. Where the evidence leaves it doubtful whether defendant came into the possession of the pledge as the clerk of the creditor or as the agent

of his administrator, it is erroneous to instruct the jury that defendant can not hold the pledge unless he acquired the possession by the consent of the debtor. The material question is, whether he held it as a pledge or held it in some other right.

4. VERDICT — *manifestly against the evidence.* When it appears that the verdict is manifestly against the weight of evidence, it is error to refuse to grant a new trial.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This is an appeal from a judgment rendered by the Circuit Court of Cook county, upon a declaration in trover. The action was originally brought in replevin against Henry to recover possession of a promissory note for $550, signed by one Redmond Prindiville, dated March 31st, 1863, and payable to the order of the plaintiff Eddy, three months after date, on which $300 had been paid, leaving a balance of $250, and interest due thereon.

The declaration in replevin is entitled of the February term, 1864, and was filed January 27th, 1864. The plaintiff complains that the defendant, on the 27th of January, 1864, took and unjustly detained the note in question, the property of the plaintiff, to the damage of the plaintiff, $500. To this is added a count in trover, in the ordinary form, alleging the conversion of the note.

Affidavit of Philander Eddy, that he is the owner and lawfully entitled to the possession of the property within described; that the same has not been taken for any tax, assessment or fine, levied by virtue of any law of this State, nor seized under any execution or attachment, &c. Subscribed and sworn to January 27, 1864.

Writ of replevin issued January 27, 1864.

Sheriff's return of same date sets forth service of writ on Henry, and his refusal to surrender the note.

Plea of general issue, filed by defendant January 27th, 1864, on which issue was joined by plaintiff.

It appears from the evidence in the case that plaintiff had pledged the notes to pay a debt to Andrew Combs in his life-

time, or to his estate after his death, as collateral security for money owing by plaintiff. It also appears that Combs died, and his wife became the administratrix of his estate; that defendant, before the death of Combs, had been his clerk, and had possession of the note, and that it had been placed in his hands to hold as security for the indebtedness of plaintiff to Combs' estate. It also appears that defendant refused to surrender the note to plaintiff or to the sheriff when demanded, alleging that, as he held it as security, he would render himself liable if he gave it up before the estate was paid.

It appears from the evidence that plaintiff admitted that defendant held the note as security for what he owed the estate, and said it was good for all that he owed the estate.

At the request of the plaintiff, the court instructed the jury as follows:

1st. If the jury shall believe, from the evidence, that the note in controversy was owned by the plaintiff on the 27th day of January last, and that he was entitled to the possession of said note at that time, and the plaintiff made a demand upon the defendant for the note when the plaintiff was entitled to the possession, and before the commencement of this suit, and that the defendant refused to give up the note when demanded, then they will find for the plaintiff.

2d. If the jury shall believe, from the evidence, that the note in question was in possession of the defendant, and the plaintiff was the owner thereof, and entitled to the possession at the time this suit was commenced, and the same was demanded of the defendant before the commencement of this suit, and he refused to give it up, then it is evidence of a conversion by the defendant, and conclusive against him if not rebutted or explained, and the verdict should be for the plaintiff.

The following instruction was given by the court upon its own volition:

" The rule of damages in this case, if the jury should believe, from the evidence, that the defendant has been guilty of a conversion of the note, will be the value of the note at

the time of the alleged conversion, and interest from that date to the present time at six per cent."

The defendant asked the court to give the following instructions to the jury:

1st. If the jury believe, from the evidence, that the note in suit was held by the defendant at the time of the commencement of this action as a collateral security for the plaintiff's indebtedness to the estate of Andrew Combs, and that the note was so held by the said defendant with the plaintiff's knowledge and consent, then the plaintiff is not entitled to recover in this action, and the defendant should be found not guilty.

2d. If the jury believe, from the evidence, that the plaintiff was indebted to the estate of Andrew Combs at the time this suit was brought, and that the note in suit was held by the defendants as collateral security for the plaintiff's indebtedness aforesaid to the estate of said Combs, and that said note was so held by said defendant with the plaintiff's knowledge and consent; in that case the plaintiff cannot recover in this action.

And it makes no difference as to the rights of the parties in this case, whether the note in suit had been originally pledged by the plaintiff to Combs himself for the purpose above mentioned, and that it passed from Combs' possession to that of the defendant upon the same trust, or whether it was originally left with the defendant by the plaintiff himself as a security for Combs' benefit, provided the jury are satisfied, from the evidence, that the plaintiff [agreed and consented to the defendant's retaining the said note as collateral security for an indebtedness of plaintiff to Combs and] has expressly recognized the right of the defendant to hold the note for the purpose aforesaid.

The court gave the first instruction as requested, but altered and modified the second by inserting the words above included in brackets. To which modification the defendant then and there excepted.

The jury returned a verdict for the plaintiff, and assessed his damages at $257.50.

Whereupon defendant moved for a new trial upon the grounds that the verdict was contrary to the law and evidence, and that the court erred in modifying the defendant's said second instruction.

The court overruled the motion, and gave judgment on the verdict, to which the defendant then and there excepted.

The defendant brings the case to this court by appeal and assigns the following errors:

1. The Circuit Court erred in modifying the defendant's second instruction, and in refusing to give said instruction as requested by the defendant.

2. The said verdict of the jury is manifestly against the evidence in the case.

3. The court erred in overruling said motion for a new trial.

Messrs. HOYNE & AYER for the appellant:

1. If a person has a lien upon property in his possession, for a debt due to himself or his *cestui que trust* from the general owner, the plaintiff must pay or tender the money due before the action is commenced, in order to obtain the possessory right. 1 Chit. on Plead. 153; 2 Greenl. on Ev. 648; *Scarfe* v. *Morgan*, 4 Mees. and Wels. 270; *Chickering* v. *Raymond*, 15 Ill. 362, 365.

2. The verdict of the jury is manifestly against the evidence in the case.

It was clearly proved by the plaintiff's own admission, that the defendant held the note in question, as a security for what the plaintiff owed the estate of Andrew Combs.

3. The second instruction asked for by the plaintiff, was strictly correct, as originally drawn, and the modification thereof by the court was calculated to mislead the jury.

The words inserted by the court would naturally lead the jury to suppose, that if the note was originally pledged by the plaintiff with Combs himself, and afterwards passed from Combs to the defendant upon the same trust, it was not sufficient for the defendant to show that the plaintiff had expressly

recognized his right to hold it as a security, but that a positive agreement to that effect must be proved.

It is clear that the instruction asked for was wholly unobjectionable, and the words inserted could subserve no useful purpose. They could not possibly aid the jury in forming a clearer or more correct apprehension of the principle of law involved; and for this reason alone they should have been omitted. But their obvious tendency was to confuse and mislead the jury; and where instructions are given, calculated to have that effect, the judgment will be reversed. *Brown* v. *Graham*, 24 Ill. 628.

Mr. S. ASHTON for the appellee:

1. No error was committed by the court in the alteration complained of, as made to the appellant's instruction; the effect of the alteration was to make the instruction more plain, and easy to be understood by the jury; the instruction given as altered, laid down the law as applicable to the facts in the case; it was all the appellant could desire; the instruction as given, upon the whole, was more favorable to appellant than the rule of law authorized, and he has no cause of complaint on that ground.

2. If substantial justice has been done (as we insist it has in this case), even if improper instructions have been given, a judgment will not be disturbed; the alteration made by the court could in no way tend to confuse or mislead the jury. *Dishon & Provo* v. *Schorr*, 19 Ill. 59 ; *Newkirk* v. *Cone*, 18 id. 449.

When the court was satisfied (as in this case), that justice had been done, a new trial will not be granted, even though the jury may have found against the weight of evidence, and against the instructions of the court, or through misdirection of the court on a point of law. *Lowery* v. *Orr et al.* 1 Gilm. 70 ; *Gillett et al.* v. *Sweat*, id. 475 ; *Young* v. *Silkwood*, 11 Ill. 36; *Bloomer* v. *Denman*, 12 id. 240.

A new trial will not be granted when there is a conflict of testimony; it is for the jury to judge of the weight of the testi-

33 — 34TH ILL.

mony. *Smith* v. *Shultz*, 1 Scam. 491; *Gillett et al.* v. *Sweat*, 1 Gilm. 475; *Kincaid* v. *Turner*, 2 id. 618; *Greenup* v. *Stoker*, 3 id. 202; *Evans* v. *Fisher*, 5 id. 569; *Sullivan, &c.* v. *Dollins*, 13 Ill. 85; *Allen* v. *Smith*, 3 Scam. 97.

It is only in very urgent cases, and where the verdict of the jury strikes the mind at first blush as manifestly and palpably contrary to law or evidence, that the court will interfere to set it aside. *Johnson* v. *Moulton*, 1 Scam. 532; *Webster, &c.* v. *Vickers*, 2 id. 295; *Eldridge & Dyer* v. *Huntington*, id. 538; *Bruce* v. *Truett*, 4 id. 454; *Harmon & Loomis* v. *Thornton*, 2 id. 351; *Wheeler* v. *Shields*, id. 348; *Dawson* v. *Robbins*, 5 Gilm. 72; *Laflin* v. *Herrington et al.* 17 Ill. 399.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the court:

When the owner pledges property or choses in action as a security for the payment of a debt, the creditor, without doubt, has the legal right to hold the pledge until the debt is discharged. The owner, to reinvest himself with the right to resume possession of the property, must pay the claim, or at the very least, make a sufficient tender. On the death of the creditor the right to hold the pledge passes to his representatives, and may be exercised by them in the same manner and to the same extent as by the creditor when living. Any other rule would defeat the agreement of the parties, and would work injustice and wrong.

It appears from the evidence in this case that at the time when the note was called for by the agent of the appellee, and when the sheriff served the writ, appellant claimed to hold the note as security for claims against appellee. And Horton testified that appellee admitted to him, that appellant held the note for what he owed the estate of Andrew Combs. He was also shown the notes and account, and his attention was called to an order which he had given on Combs, which however was not presented, and he admitted that he owned a portion of the claims. There is no evidence in the record that he had ever paid or tendered the amount due upon the debt, for which the note

in controversy was held as security. He also agreed, if appellant would permit Keith to take the note and collect a specified portion of the money, that the note should be returned, which was done. There was no conflicting testimony, and uncontradicted, the evidence establishes appellant's right to hold the note until the debt should be paid. Appellant's possession of the note was presumptive evidence that he was the owner, but that ownership was limited by his statements, and it devolved upon appellee to overcome the presumption. The finding of the jury was therefore manifestly against the evidence, and a new trial should have been granted.

If appellant was clerk of Combs, or was the agent of Mrs. Combs, the administratrix of her husband's estate, it could make no difference whether appellant had the note with appellee's consent, if it had been pledged in the lifetime of Combs. Whether he held it as agent of the administratrix, or it came to his hands as the clerk of Combs, and had not been delivered to her, could make no difference. It appears that he had been the clerk of Combs, and he claimed to the sheriff that the note had been placed in his hands by certain parties, and he would render himself liable by giving it up before the debt should be paid, and for that reason declined.

The court modified defendant's second instruction, by limiting his right to hold the note, only by the consent and agreement of appellee. We have seen that if it came to his possession from Combs, or from Mrs. Combs, as administratrix, and was held as a pledge, it was not material whether it was with the consent of appellee. And appellee showed as a part of his evidence, that appellant claimed to have received it of Combs, and that he held it as a pledge, and this must be regarded as true. This modification was calculated to, and no doubt did, mislead the jury in finding their verdict. The instruction as given was erroneous. The judgment is reversed.

*Judgment reversed.*