(*Superior Court of Cook County.*)

## The Fidelity Savings Bank & Safe Depository, Use of Virginius A. Turpin, Receiver,

### vs.

### George Shufeldt, Jr.

#### (1878.)

1. PLEADING—ASSUMPSIT. A plea of the general issue in assumpsit, that the defendant did not "promise in manner or form" omitting the words "undertake or" is bad on demurrer.
2. COLLATERAL SECURITIES—DUTY OF CREDITOR TO SELL. The creditor is not obligated to sell securities which he holds as collateral to an indebtedness even though the debtor requests him to do so.

General No. 69,821.  Assumpsit.  Plaintiff sues on a note, to secure which certificate of stock of Fidelity Bank & Globe Insurance Company were deposited as collateral, declaration, special and common counts, copy of note sued upon and affidavit of claim.  Defendants filed a plea of *non assumpsit* in substance and form the same as that filed in *Chisholm et al. v. McGinnis,* Chicago Law J., vol. 1, No. 1, p. 56,[1] and notice of set-off; to which plaintiff demurred.  The demurrer was disposed of at February term, 1878, as follows:

*Plummer & Bradford,* attorneys for plaintiff.

*Shufeldt & Westover,* attorneys for defendants.

GARY, J.:—

Let the demurrer be sustained, as decided in *Chisholm v. McGinnis.*

Mr. WESTOVER: The defendants ask leave to amend.

GARY, J.: You can do so, on filing an affidavit showing that you have a good defense.

To this defendants file an affidavit setting up that the stock deposited was, at the time deposited, valuable, and that while valuable defendant notified plaintiff to sell and apply proceeds to payment of note sued upon.  This plaintiff neglected to do, and defendant was damaged thereby, and asks to have his damages set off against this action.

Mr. BRADFORD: This is no defense in law, and I refer your honor to the following cases: *Prettyman v. Barnard,* 37 Ill. 109; *Rozet v. McClellan,* 48 Ill. 347; Story on Bailments, secs. 308–321; *Henry v. Eddy,* 34 Ill. 508; *Cashman v. Hays,* 46 Ill. 145; *Leake v. Brown,* 43 Ill. 372; *Belden v. Perkins,* 78 Ill. 449; *Chicago Artesian Well Company v. Corey,* 60 Ill. 73; *Coggs v. Bernard,* Smith's Lead. Cas. vol. 1, pt. 1, 384.

Mr. WESTOVER: I refer your honor to 28 Minn.

GARY, J.: Plaintiff was not bound to sell collaterals which defendant had the right at any time to redeem.  He did not do so, and could not force plaintiff to the expense and trouble of sale or litigation.  Let the plea be stricken out for want of sufficient affidavit of defense.  Plea stricken and judgment $4,751.28.  Appeal prayed and allowed.

---

[1] Reversed in part 93 Ill. 597.