LAZIER v. HORAN.

$\begin{array}{cc} 55 & 75 \\ 105 & 356 \end{array}$

1. **Promissory Note:** WHEN PAYABLE AT BANK: DEPOSIT OF MONEY BY MAKER. Where a note is made payable at a bank, and at its maturity the maker deposits in the bank the amount of the note, to be applied in its payment when presented, and the bank afterward fails, such deposit constitutes a complete defense to an action on the note.

*Appeal from Polk Circuit Court.*

THURSDAY, DECEMBER 9.

ACTION upon a promissory note and for the foreclosure of a mortgage. There was a judgment and decree of foreclosure against the defendant, and he appeals. The facts appear in the opinion.

*Cole & Cole*, for appellant.

*Wright, Gatch & Wright*, for appellee.

ROTHROCK, J.—The promissory note which is the foundation of the action is in these words:

"$1,250.00. DES MOINES, IOWA, March 21, 1872.

"On or before the 21st day of March, 1874, I promise to pay to William Braden or order twelve hundred and fifty dollars, with interest thereon from this date until paid, at the rate of ten per cent per annum, payable annually, on the 21st day of March in each year, for value received, principal and interest payable at B. F. Allen's Bank, in city of Des Moines; should any of said interest not be paid when due, it shall bear interest at the rate of ten per cent per annum from the time the same becomes due, and a failure to pay any of said interest within 30 days after due shall cause the whole of this note to thereupon become due and collectible at once.

his

"TIMOTHY ⋈ HORAN.

mark.

"The mortgage securing this note is duly stamped with a U. S. Revenue stamp legally canceled.

"Endorsed on the back as follows, to-wit: 'pay to the order of Jesse Lazier.

"'WM. BRADEN.'"

The note was given for part of the purchase-money of certain real estate situated in Madison county. The land was owned by the plaintiff, and the sale was made through Braden, and the note was taken payable to the order of Braden, for the plaintiff's benefit.

On the 21st day of March, 1874, the defendant, who is a resident of Madison county, went to B. F. Allen's bank to pay the note. The note was not at the bank, and the defendant deposited the amount required to pay the same, to-wit: $1,512.50, and took from the bank a deposit ticket of which the following is a copy:

"B. F. ALLEN'S BANK.

"DES MOINES, March 21, 1874.

"To TIMOTHY HORAN:

"Currency to pay note favor Wm. Braden for. . $1,250.00
"Interest ............................... 262.00
                                          ----------
                                          $1,512.50
"Duplicate."

Some efforts were made by the defendant by way of correspondence through Percival & Hatton, real estate agents at Des Moines, to have the note sent to the bank, but they were unavailing. The money thus deposited remained with the bank, and on the 19th day of January, 1875, the bank and B. F. Allen failed, and it does not appear from the evidence what, if anything, will be realized on account of said deposit. That it is a total loss does not seem to be seriously disputed.

We are required to determine whether the foregoing facts

Lazier v. Horan.

are a defense to an action on the note, or in other words where

**1. PROMIS-SORY note; when payable at bank: deposit of money by maker.** a note is made payable at a bank, and the maker deposits the amount necessary to fully discharge it, and leaves the same there, and the bank afterwards fails, is such deposit a complete defense to an action by the payee or indorsee against the maker?

It is well settled that as to the acceptor of a bill of exchange, or the maker of a promissory note payable at a bank, or other specified place, no presentment nor demand of payment need be made at the specified place to entitle the holder to maintain an action against the maker or acceptor. Story on Promissory Notes, Sec. 228; Daniels on Negotiable Instruments, Vol. 1, Sec. 643; Parsons on Notes and Bills, Vol. 1, page 308; *Wallace v. McConnell*, 13 Peters, 136; *Fitler v. Beckley*, 2 Watts and Sergeant, 458; *Armstead v. Armstead*, 10 Leigh., 525.

In Parsons on Notes and Bills, it is said: "The courts in this country have, with the exception of Louisiana and Indiana, held that such acceptances were not conditional; that demand need not be averred by the plaintiff, but that if the acceptor was at the place at the time designated and ready to pay the money, it was matter of defense to be pleaded on his part, which defense, however, is no bar to the action, but goes only in reduction of damages and in prevention of costs."

That the maker of a promissory note, and the acceptor of a bill of exchange payable at a particular place, are under the same obligation in this respect, and their rights and liabilities are the same, seems also to be well established. See the authorities above cited.

What are the rights of the parties, however, where the maker of a note, or the acceptor of a bill, deposits the money in the bank designated as the place of payment, and leaves it there, is another question upon which there is a surprising paucity of adjudicated cases. The learned counsel for the respective parties in this cause have cited us to no case which is exactly in point.

It is true that in *Wallace v. McConnell, supra*, there is language used from which it may fairly be implied that in such case, if the holder of the note or bill should neglect to present it at the specified place, by reason of which the money should be lost by the failure of the bank or the like, this would be a defense, and in *Armstead v. Armstead, supra*, it is said that "the maker, if he was ready at the time and place to make the payment, may plead the matter in bar of damages and costs; but he must at the same time bring the money into court which the plaintiff will be entitled to receive. A further consequence, indeed, might follow if any loss had been sustained by his failure to present; but this must be set up as matter of defense." In *Fitler v. Beckley, supra*, HUSTON, J., said: "I incline to the opinion in 13 Peters, 144, as above, that if the maker or acceptor, where the money is payable at a bank, pays the money into the bank to the credit of the payee on such note or bill, and leaves it there, it will be a complete discharge, though the money should be lost by robbery of the bank or otherwise; but this case does not call for an opinion of the court on this point."

In *Nicholas v. Pool*, 2 Jones (L.) N., 6, in discussing the question whether a demand at the place of payment is necessary to maintain the action, it is said: "The more reasonable construction that they (the words payable at, etc.,) were used to convey the idea that the parties had made an arrangement suggested by considerations of convenience to both sides, according to which the money is to be paid at a particular place on a given day, or in other words, assurance given by the debtor and accepted by the creditor, that the money will be then and there paid, * * * *. Considered in this sense the effect is that the creditor does not lose his debt by failing to apply for it at the precise time and place, but may afterwards recover it; while on the other hand, the debtor may, if in fact he had the money at the time and place, use that as a defense and defeat the action by bringing the money into court, or if he deposited it and it was lost by

the failure of the bank, he can put the loss on the creditor, because of his *laches* in not calling to get it."

In *Rhoades v. Gent*, 5 Barn. & Alderson, 244, language to the same effect is used in the opinion of one of the judges.

An examination of these cases will show that the question of the rights of the parties where there has been actual deposit made by the maker or acceptor is not directly involved. They are all cases upon the question as to whether an action may be maintained without a demand having been made at the place of payment. The language which we have quoted, is, however, germain to the question which was before the courts in the several cases involving the rights of the parties to written instruments of this character, and, if nothing more, serves to indicate the views of the learned writers of the opinions cited.

In Story on Promissory Notes, section 228, this language is used: "If, by such omission or neglect of presentment and demand he (the maker or acceptor) has sustained any loss or injury, as if the bill or note were payable at a bank, and the acceptor or maker had funds there at the time which have been lost by the failure of the bank, then' and in such case the acceptor or maker will be exonerated from liability to the extent of the loss or injury so sustained."

To the same effect see Story on Bills of Exchange, section 356; 1 Parsons on Contracts, sections 272–3; Daniel on Negotiable Instruments, Vol. 1, section 643.

It is correct, as claimed by counsel for appellee, that these writers cite no authority which supports the proposition announced by them. But notwithstanding this, the views of these learned authors are entitled to proper consideration.

On the other hand, no case has been cited which announces the opposite view from that given in the above citations. With the limited time at our disposal, we are unable to make an exhaustive search for authorities, and in this case we have found none which are fairly in point.

In *Rowland v. Teny*, 14 La. An., 223, it was held when a

note was payable at the office of a commercial firm in New Orleans, and at maturity it was presented by the holder at the place named for payment, and payment refused, and a few days after maturity the maker remitted part of the sum to the mercantile firm to be applied on the note—that this was no payment. It will be observed from this statement that the case is wholly different from that at bar. Here, if the note had been presented at maturity it would have been paid, for the money was in the bank for that very purpose. It would, perhaps, be an unreasonable requirement to hold that the holder of the note, or bill, should present it again for payment.

We think that upon principle the defendant in this case should be wholly discharged, and we will briefly state our reasons therefor: The note was made payable at a bank; these institutions are depositories of money; they are also collection agencies through which by much the larger part of that branch of the business of this country is transacted. When a note is made payable at a bank, the parties expect the collection to be made through the bank. It is true, when the defendant deposited the money, the bank while holding it was technically the agent of the depositor. But the money was deposited for the holder of the note, and it required no act of the depositor to authorize the bank to pay the note. " If the customer of a banker accept a bill and make it payable at his bankers' that is of itself a sufficient authority to the banker to apply the customer's funds in paying the bill." Byles on Bills, 151. And if money be deposited for the payment of such a bill or note, the holder may maintain an action against the bank therefor. Parsons on Commercial Law, 130. By the very terms of the contract the defendant agreed to pay the note at the bank. Now while it is a general rule that payment of a note or bill should be made to the actual holder, yet when the parties have contracted that payment may be made at a bank, it means that payment is to be made to the bank. The parties to the note did not contemplate

that the payee should make a journey from Indianapolis, and meet the maker at Allen's bank, and there receive his money from the hands of the maker and deliver him the note.

This court has three times determined that when the maker of a promissory note payable in personal property, to be delivered at a specified time and place, makes a tender of the specific articles and sets them apart at the time and place stipulated, and the creditor is not there to receive, or refuses to accept the property, the debt is thereby discharged and the title of the property passes to the creditor. *Games v. Manning*, 2 G. Greene, 251; *Williams v. Triplett*, 3 Iowa, 518; *State v. Shupe*, 16 Id., 36.

Now while it is held in these cases that upon designating the property and setting it apart for the creditor the title of the property passes, and it may be said that by the deposit of the money in the bank for the holder the right of the property in the money does not pass, because the depositor may withdraw it, yet this distinction is really not an important one; for, as we have seen, if the money remains on deposit, the holder of the note may present his note and take the money, or if necessary, maintain an action for it. In one of the cases cited, the note provided for payment in brick. Now, if that could be discharged by delivering the brick set apart for the creditor at the time and place designated, it is difficult to see why, if the note was payable in dollars, it would not equally be a discharge to set apart and deposit the dollars for the holder of the note.

In our opinion there should have been a judgment for the defendant for costs, and the mortgage should have been canceled as prayed in the answer.

REVERSED.