### Mary Alice Smith v. Stanislaus Landecki et al.

1. PROMISSORY NOTES—*Possession of, by Agent of Owner After Maturity.*—Where an agent of the owner of a promissory note has possession of the note after it is due, it may be inferred that he has authority to receive payment.

**Bill to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed March 18, 1902.

January 3, 1900, Mary Alice Smith, the appellant, filed her bill in the Circuit Court to foreclose a trust deed from Stanislaus Landecki and wife to Joseph H. Ernst, trustee, dated June 7, 1898, conveying certain premises in Cook county to secure payment of a principal note for the sum of $2,000, and five interest notes, each for the sum of $120; the notes bore date June 7, 1898, were signed by Stanislaus Landecki and Clara Landecki, and were payable to the order of Mary Alice Smith, the complainant. The principal note was payable five years after date and the interest notes on the 7th day of June in each year from 1899 to 1903, both inclusive. All of the notes were made payable at the office of Ernst & Schmitz in Chicago.

The ground upon which the right to foreclose is based is the non-payment of the interest note which became due June 7, 1899. The notes and trust deed, it is claimed, were kept by complainant at her house; and in the spring of 1899 are said to have been taken by the husband of complainant, Hamilton Smith, without the knowledge or consent of com-

Smith v. Landecki.

plainant, and by him sold to defendant, Michael, through the agency of Andrew J. Ernst. At the time the notes were sold they were, it is claimed, unindorsed by complainant, and a forged indorsement, it is said, was placed thereon by Hamilton Smith or by some person unknown.

Michael, the purchaser of the notes, paid therefor the sum of $2,060 by means of a certificate of deposit on the Merchants National Bank of Chicago for such sum, which was payable to his own order, and which he indorsed " pay to the order of Mary Alice Smith," and delivered to Hamilton Smith. Said certificate of deposit was afterward paid through the Prairie State Bank, but the indorsement thereon of complainant was, it is claimed, forged. Mr. Landecki having received a letter from Mr. Ernst giving notice that interest would be due June 7th, upon that day went to the office of Mr. Ernst and paid to him $120, receiving in return the interest coupon for that sum which matured that day.

THOMAS BATES and SEYMOUR EDGERTON, attorneys for appellant.

M. A. DeLANY, attorney for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The principal question presented in this case is whether Mr. Landecki has paid the first interest coupon, that matured June 7th.

The coupon was payable at the office of Ernst & Schmitz. After the notes were made the firm of Ernst & Schmitz seem to have dissolved; but Mr. Ernst had an office with his son across the street from where the firm had been, and was there in business with his son.

The chancellor has found that the payment by Mr. Landecki was in good faith to the agent of the legal owner of the note, and without notice not to do so, or that Mr. Ernst did not hold the note for collection for the owner.

We have examined the evidence and find no sufficient reason for reversing the conclusion of the trial court.

Among other things shown were, that when the notes were given they were, in the presence of Mrs. Smith and without objection by her, taken possession of by her husband; that three or four days after the interest came due she was at the office of Mr. Andrew Ernst; that she asked him if he had bought the mortgage and he said yes; to which she replied that this was strange; that he then said that her husband said she was sick and could not come herself and that he, Ernst, gave him (her husband) a certificate of deposit on the Merchants National Bank and "made it payable to her order."   *   *   *   " She said she thought Mr. Smith had brought the note over to our office for collection."   " She referred to the interest coupon."   " She said Mr. Smith had gone to Michigan and she expected him back in a few days."   Mr. Sebastian, a clerk in the office of Mr. Ernst, also testified that Mrs. Smith said that she thought Mr. Smith had brought the note over to the office simply for collection.

It is urged by appellant that her signature to this coupon, as to all the notes and the certificate of deposit payable to her order, given by the purchaser of the notes therefor, is in each and every instance a forgery; and that no title to a note can be obtained through a forged indorsement.

The question as to the validity of the payment made by Mr. Landecki does not turn upon the question of the genuineness of the signature on the back of this coupon, but rather upon whether Mr. Landecki had a right to presume that Mr. Ernst, one of the late firm of Ernst & Schmitz, in whose possession the coupon was, held the same and received payment thereof for the legal owner.

The transaction out of which the notes and mortgage arose were had in the office of Ernst & Schmitz; Mr. Ernst was the trustee named in the trust deed; the notes were payable at the office of Ernst & Schmitz; the coupon was in the possession of Mr. Ernst.

Ernst & Schmitz had been the agents of the legal owner of all the notes; Mr. Ernst, as trustee, was yet such agent. Where an agent of the owner has possession of a promissory

note after it is due, it may be inferred that he has authority to receive payment of it. Stiger v. Bent, 111 Ill. 328–338; Henry v. Eddy, 34 Ill. 508.

It does not appear that Mr. Ernst was not, when he received for the legal owner of this coupon this amount, entirely responsible, nor that he has not since so remained.

Nor does it appear that the complainant, being informed of this payment, June 11 or 15, 1899, repudiated the agency of Mr. Ernst to receive the same until the filing of her bill, January 3, 1900.

It is true that Mr. Ernst understood that the notes and mortgage had been sold to Mr. Michael and indorsed by Mrs. Smith, and that he was collecting the interest for Mr. Michael. Mr. Landecki knew nothing of this; he was there to pay the note to Mr. Ernst, as the agent of the owner, whomever he or she might be. This agency he inferred from the possession of the note, etc.

The question of whether Mr. Landecki, by what he did, discharged his obligation on this coupon so that for the alleged non-payment the entire mortgage indebtedness was not properly declared due and a bill to foreclose the mortgage filed, is in a court of equity to be disposed of in accordance with equitable principles.

There was manifestly an honest attempt to pay a note to the legal owner thereof. If Mrs. Smith be such owner it does not appear that she has, save by this suit, demanded payment of Mr. Landecki, or at all from Mr. Ernst, the money paid to him for the owner of the coupon.

It is not equitable that under such circumstances the payment of the entire indebtedness should be accelerated and the mortgage foreclosed for the entire amount secured thereby. For many years there was much discussion and great divergence of opinion as to whether, when the promise to pay a promissory note or the acceptance of a bill of exchange is to pay at a particular place, it is necessary, in a suit against the maker, to aver and prove a presentation and failure to pay at such place.

In 1820 this matter came before the House of Lords and was there most elaborately argued. The law judges, in

opinions the force of which, as matters of law and logic, seem irresistible, decided that the promise to pay at a particular place was a qualified promise, an essential part of the contract, which must be alleged and proven. Rowe v. Young, 2 Broderip and Bingham, 165, 6 Eng. Com. Law, 83.
. Such has not generally been the rule in the United States. The subject is ably treated in the seventh edition of Story on Promissory Notes, Sec. 227, 228 and 229, pages 310 to 328, and in Kent's Com., Vol. 3, p. 97, 12th Ed. There are also expressions of opinion in Wood & Co. v. Merchants Savings Bank, 41 Ill. 267, and in Wallace v. McConnell, 13 Peters, 193, Curtis' Ed. 92.

As to whether, when the promise to pay a note is to pay at a particular bank, the maker can, at maturity, deposit the money at such place to the credit of the legal holder and thereby be discharged, there is also contrariety of opinion.

The Supreme Court of this State in Wood & Co. v. Merchants Savings Bank, a case wherein this question was not involved, said that this could not be done. The Supreme Court of the United States in Wallace v. McConnell, 13 Peters, 143, 150, 151, by a dictum, declare that by such deposit the maker is discharged.

This was directly held in Lazier v. Horan, 55 Iowa, 75, and substantially in Fitler v. Beckley, 2 Watts and Sergeant, 458. Such rule is announced in Armisteads, 10 Leigh, 512–525. In Callanan v. Williams, 71 Iowa, 363, the court refused to extend the rule to a deposit made at the place of payment, such place not being a bank or office for the receiving of deposits of money.

The decree of the Circuit Court is affirmed.