### Jacob Ellis v. Conrad Seipp Brewing Co. et al.

1. DEBTOR AND CREDITOR—*Rights of Owner of Collateral Held for Payment of a Debt.*—When collateral is held for the payment of a debt, the owner of such collateral, although a surety, is not entitled to a release of the collateral until the entire debt is paid.

2. SAME—*Payments Made Without Direction as to Application is Applied by Law to the Most Precarious Debt.*—Payments made by a debtor without direction as to the application thereof by either creditor or debtor will be by the law first applied toward the satisfaction of the debt the security of which is the most precarious, that is, is least secured.

**Bill for Foreclosure.**—Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed February 27, 1903.

SAMUEL J. HOWE, attorney for plaintiff in error.

WINSTON, BABCOCK, STRAWN & SHAW, attorneys for defendants in error.

A surety is not entitled to release until the payment of the whole of the principal debt. Brandt on "Suretyship and Guaranty," (2d Ed.), Vol. 2, Sec. 306; Henry v. Eddy, 34 Ill. 508; Jenkins v. International Bank, 111 Ill. 462.

Where there is -no agreement by the parties as to the application of payments, it is the creditor's right to have the payment applied to the debt which is most precarious, and the law will make the application in the manner most advantageous to the creditor. Hansen v. Rounsavell, 74 Ill. 238; Parsons on Contracts, Vol. 2, Sec. 631–632; Wilhelm v. Schmidt, 84 Ill. 183; Hare v. Stegall, 60 Ill. 380; Chicago Title & Trust Co. v. McGlew, 90 Ill. App. 58; Monson v. Meyer, 190 Ill. 105.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal from a mortgage foreclosure decree. Plaintiff in error contends that he did not understand the significance of a written agreement between him, one Wolfe and the brewing company; and that therefore there was no meeting of minds and the writing made may be disregarded. There is no evidence warranting our so doing.

Plaintiff in error urges that if we shall not agree with him as to the binding force of such writing, we should set aside the decree because Wolfe, as between himself and Ellis, was the principal, and he, Ellis, a surety as to the indebtedness of Ellis to the brewing company; and the decree does not provide for the release of certain valid collateral liens securing such indebtedness upon other property belonging to Ellis, unless under the foreclosure sale there shall be realized enough to pay the entire debt secured by the mortgage made by him.

When collateral is held for the payment of a debt, the owner of such collateral, although a surety, is not entitled to a release of the collateral until the entire debt is paid. Henry v. Eddy, 34 Ill. 508; Jenkins v. The International Bank, 111 Ill. 462.

The question before us is not as to the right of Ellis as between himself and Wolfe, but as to the respective rights of the brewing company and plaintiff in error.

Payments made by a debtor without direction as to the application thereof by either creditor or debtor will be by

the law first applied toward the satisfaction of that debt the security of which is most precarious; that is, is least secure.   Wilhelm v. Schmidt, 84 Ill. 183–188; Monson v. Meyer, 190 Ill. 105–107.

The decree of the Superior Court is affirmed.