LEE v. KEISTER, et al.

</div>

1. PLEADINGS: RES ADJUDICATA. Where an answer sets up as a defense to an action, a plea of *res adjudicata*, it should be accompanied by an exhibit of the record of the judgment pleaded.

2. SWORN PLEADINGS. A pleading under oath will not be taken as true when its allegations are denied by a subsequent pleading not under oath.

3. AMENDED PLEADINGS. When the record discloses two replications to the same answer, as being on file when the cause was tried below, the Supreme Court will treat one as an amendment to the other.

*Appeal from Henry District Court.*

MONDAY, APRIL 15.

ACTION on a promissory note. The material facts are stated in the opinion of the court.

*Marsh & Craig* for the appellants, cited *Young* v. *Mumma*, 3 Iowa 140; *McConnoughey* v. *Weider*, 2 Ib. 408.

*Palmer, Thompson & Corkhill*, for the appellees.

BALDWIN, J.—The defendants in their answers set up several causes of defense, and among others, a former adjudication upon the same cause of action. This answer is sworn to, and a replication called for under oath. Two replications were filed; one by the attorney of plaintiff in which issue was joined upon all the matters set up in defendant's answer; the other by plaintiff in person in which he denies under oath every defense set up, except the one as to the former adjudication. Upon this state of the pleadings the cause was submitted to the court and judgment rendered for the plaintiff.

It is claimed by the appellants, the plea of *res adjudicata* not being responded to under oath as called for by the answer, that the answer should have been taken as true, and a judgment rendered for defendants thereon.

Admitting that the answer of defendants should have been taken by the court as confessed, a judgment could not have been rendered for the defendants, for the reason that a re-

cord of the judgment pleaded is not attached to said answer, or in any manner brought before the court. But the replication of the attorney, though not under oath, puts in issue this plea. The two replications both being permitted to remain on the files, the latter one could be regarded as amendatory to the one first filed. Because the replication which puts in issue the plea of a former judgment was not sworn to is no reason why the answer should be regarded as true. The party responding under oath to a plea calling for a verified answer thereto, can claim that his plea should be considered as evidence; but the other party can claim nothing from the fact that his pleading is not responded to in the manner by him required. See sections 1744-5-6, Code of 1851.

<div align="right">Affirmed.</div>