## SANKEY v. TRUMP et al.

Burden of proof: EXECUTION OF WRITTEN INSTRUMENTS. The rule under the statute, that in order to cast upon the plaintiff the burden of proving the execution of a written instrument sued upon, its execution must be denied under oath by the party whose signature it purports to be, relates solely to the burden of proof, and does not affect the right of the defendant to disprove, as a fact, the genuineness of the signature.

*Appeal from Lee Circuit Court.*

WEDNESDAY, OCTOBER 30.

ACTION on a promissory note purporting to be executed by defendants. Trial by the court. Judgment for plaintiff against George Trump only. Plaintiff appeals. The facts necessary to an understanding of the questions involved are stated in the opinion.

*John Van Valkenburg* for the appellant.

No appearance for the appellees.

MILLER, J.—I. The answer of the defendants is joint, and denies the " execution and delivery of the note " sued on, and is sworn to by George Trump, one of the defendants. The court below found that George Trump did execute the note, and rendered judgment against him accordingly, but that George Trump, Jr., did not execute it. Appellant's counsel insists that under the statute, the *signature* of George Trump, Jr., not being denied by him under oath, " it is to be deemed genuine and admitted," and cannot be contradicted, and he cites *Loomis & Leroy* v. *Metcalf & Fuller*, 30 Iowa, 382. The question there was as to the sufficiency of the denial to put the plaintiff on proof of the signature, and it was held that, in order to cast the burden of proving the genuineness of the signature

on the plaintiff, it must be denied under oath by the party whose signature it purports to be.   See, also, holding the same view, *Douglass* v. *Matheny, ante,* 112, and cases cited.   It was held, in the language of the statute, that unless the signature be thus denied " it is to be deemed genuine and admitted."   It was not, however, held, nor do we believe the true meaning of the language of the statute to be, that the defendant is estopped from controverting the execution of the instrument or of his signature thereto by proof, where he has denied the execution in his answer.

The object of the statute was to change the burden of proof in respect to the execution of written instruments sued on, from the plaintiff, as it was by the common law, and cast it upon the defendant, and we are of opinion that fairly construed the statute does no more than this.

The language, " shall be deemed genuine and admitted," was meant to give the same effect to the note when the signature is not denied under oath, as it had under the common-law rule after the plaintiff proved the signature ; it is then to be treated or deemed *prima facie* genuine, and admitted in evidence without further proof.   But, as under the common-law rule, the signature though deemed *prima facie* genuine may be disproved by the defendant. See *Lake* v. *Cruikshank,* 31 Iowa, 395.

II.  Appellant insists that the finding of the court, that George Trump, Jr., did not sign the note, is against the evidence.   The defendent swears positively that he did not sign it, or any other paper at the time of the transaction, out of which the note grew.   The evidence on the other hand is that of experts who, on comparison of the signature to the note with his admitted signature, believe that the defendant did sign the note.   Upon this conflict in the evidence the court has decided, and we see no good reason for disturbing the finding.

III.  The court having found that George Trump, Jr.,

did not sign the note, and there being no evidence that he authorized any one else to sign his name thereto, it follows that plaintiff, though a *bona fide* holder, without notice cannot recover against him, and the judgment must be

Affirmed.