## BRAYLEY v. HEDGES.

|52|623|
|97|127|
|101|528|

1. **Pleading**: DENIAL OF SIGNATURE: BURDEN OF PROOF. A party may put in issue the genuineness of his signature to a written instrument in suit by a pleading not under oath, but the burden of proof upon such issue, under the provisions of section 2730 of the Code, devolves upon him.

2. **Partnership**: PROMISSORY NOTE: AUTHORITY TO EXECUTE. Where a firm by a violation of their contract of agency became liable to their principal for the amount of certain notes taken by them as agents, it was held that either partner had authority, in settlement of the claim of the principal, to bind the firm by signing its name to the notes as co-maker, although the execution of notes was no part of the firm business.

*Appeal from Woodbury Circuit Court.*

THURSDAY, DECEMBER 11.

ACTION upon a promissory note; there was a verdict and judgment for defendant; plaintiff appeals. The facts of the case appear in the opinion.

*Marks & Blood*, for appellant.

*Joy & Wright*, for appellee.

BECK, CH. J.—I. The petition declares upon two promissory notes payable to plaintiff, both signed by J. Bower, W. G. Bower and Cole & Hedges. One of the notes, it is shown, is lost. It is alleged that the co-partnership of Cole & Hedges consisted of B. W. Cole, and the firm of Charles E. & Daniel F. Hedges. It is shown that both of these firms are dissolved, the last by the death of Charles E. Hedges, the defendant being the surviving partner, and as such is sued alone in this action.

> 1. PLEADING: denial of signature: burden of proof.

The defendant avers in his answer "that as to whether the notes sued on in this action and referred to in the petition were ever signed by Cole & Hedges the defendant has no knowledge or information sufficient to form a belief;" that the giving of the notes was no part of the firm business of Cole &

Hedges, and no member of the firm had power or authority to sign the firm's name to the notes; that the firm never ratified the execution of the notes, and that the notes were without any consideration going to the firm of which defendant was a member, the only consideration being the sale of a Pitt's threshing machine to W. G. & J. C. Bower by Cole & Hedges as agent of plaintiff.

II. The defendant was permitted to introduce, against plaintiff's objection, testimony tending to prove that neither he nor any member of the firm of Cole & Hedges signed the note sued on. This ruling is complained of, counsel insisting that, as the genuineness of the signature was not sufficiently denied under oath, the pleadings did not put in issue the execution of the instrument, and defendant, therefore, was not entitled to introduce the evidence in question. It is insisted that under the pleadings defendant could not show that the note was not executed by the firm of which he was a member. Counsel rely upon Code, section 2730, to support their position. This statute provides that, unless the genuineness of the signature of an instrument referred to in the pleadings be denied under oath, it shall be deemed genuine and admitted. The purpose of the provision is to throw the burden of proof upon the defendant in the absence of the denial required, and not to deprive him of the right, upon proper pleading, to assume the burden of proving that he did not execute the instrument in suit. In the absence of a denial of the genuineness of a signature under oath the law regards it as admitted, and the plaintiff is required to introduce no evidence to prove the signature. If the signature be denied by an answer not sworn to, the defendant may support his allegation by proper evidence, the genuineness of the signature being thus put in issue and the burden of proof cast upon defendant. *Sankey v. Trump*, 35 Iowa, 267; *Farmers' & Merchants' Bank v. Young*, 36 Id., 45; *Sully v. Goldsmith*, 49 Id., 690; *Robinson v. Lair*, 31 Id., 10; *Ashworth v. Grubbs*, 47 Id., 353.

Counsel for plaintiff insists that these decisions were made under a statute differing in its provisions from Code, section 2730. Upon a careful comparison of the statutes in question

we are utterly unable to discover any difference in them; they are in substance the same, and almost the same in language. The same effect must be given to each.

We conclude that under the issues raised by defendant's answer the court correctly permitted the introduction of evidence tending to prove that the firm of which defendant was a member did not execute the notes.

III. The testimony tended to prove that Cole & Hedges were employed by the general agent of plaintiff to sell Pitt's threshers under a contract specifying the duties **2. PARTNER-** **SHIP: prom-** and obligations assumed by them, some of which **issory note:** pertained to the security to be taken upon sales **authority to** **execute.** made by them. They sold a thresher to J. C. & W. G. Bower, and received notes which did not in some matters comply with their contract, and sent them to the agent of plaintiff. He returned them to Cole & Hedges, and demanded that they indorse the paper.

In the settlement of this difference, and in compliance with the requirement of the agent, Cole & Hedges returned the notes signed by them as they now appear. They were afterward sent back by the agent, and part of the amount due was received and accounted for by Cole & Hedges.

The contract required Cole & Hedges " to guarantee all notes good when taken." Defendant's theory of the case is that the signing of the notes was no part of the business of the firm, and by their contract they were not required so to do. They were bound to do nothing more than " to guarantee all notes good when taken." This theory of the defense was presented in instructions asked by defendant. The law was correctly announced, to the effect that the contract did not bind the firm to sign the notes, and, therefore, none of the co-partners were authorized to do so. The obligation of the firm to guarantee the notes surely did not give the co-partners authority to bind it by signing the notes as makers.

Plaintiff's theory of the case is this: Cole & Hedges accepted the note in violation of their contract, and thereby became liable to plaintiff. Upon plaintiff's agent claiming to hold them liable, and insisting upon security upon the notes,

they signed the paper. This was done in the settlement of a claim made upon them, arising in the business of the firm. Each partner was authorized to settle the claim so made, and discharge it by executing the note. The plaintiff requested the court to give to the jury instructions presenting this theory of the case; they were refused. We think this is error. If Cole & Hedges failed to comply with their contract and accepted notes in violation thereof, the firm was bound to make good any deficiency arising from their default. This could have been done by the execution of a note, and each co-partner was authorized to execute such a note. It was a transaction growing out of the business of the firm; it was, indeed, the settlement of a liability arising in the business of the firm, which each partner could make, either by payment or the execution of a note or other obligation. These are familiar and elementary principles of the law, which need not be supported by authorities. They were presented in instructions applicable to the facts of the case, which were erroneously refused. For this error the judgment of the Circuit Court must be

REVERSED.