MRS. M. J. THORN, Appellee, v. J. T. HAMBLETON and L. B. HAMBLETON, Appellants.

**Practice:** FAILURE TO APPEAR ON CALL OF CALENDAR: JUDGMENT. Upon a call of the calendar simply for continuance and dismissal of actions a defendant who has taken issue and answered may assume that his failure to be present· in person or by counsel involves no greater risk than dismissal or continuance of the case over the term; and where the case has not been set for trial a decree against defendant should not be entered.

**Judgments:** ENTRY BY CONSENT. It is competent for parties to consent to a trial or the entry of a decree, but in this case a letter from plaintiff's counsel to one of defendants, informing him of the desire of the court to dispose of the case at once and stating that he had prepared a decree which he wished to submit, and offering to try to secure further delay in case of defendant's intention to settle the suit, was not sufficient to show consent to the entry of a decree.

**Same:** STATEMENT TO JUDGE OUTSIDE OF COURT. Oral statements by a defendant to a judge made outside of court are insufficient to authorize the entry of a decree as by consent, especially where there was no showing of authority upon the part of such defendant to represent or bind a codefendant who was absent.

**Pleadings:** VERIFICATION: DEFAULT: BURDEN OF PROOF. Failure of defendants in an action to foreclose a mortgage to verify the answer consisting of a general denial, will not place them in default so long as the pleading stands unassailed; and such failure will not affect the sufficiency of the denial to tender an issue, although it may leave them with the burden of proof on the question of due execution of the mortgage.

*Appeal from Polk District Court.*—HON. W. H. MCHENRY,
Judge.

WEDNESDAY, NOVEMBER, 16, 1910.

THE opinion states the case.—*Reversed.*

*Ira W. Anderson,* for appellants.

*Samson & Noble,* for appellee.

WEAVER, J.—Prior to the institution of the present
proceeding, plaintiff brought two separate actions against
the defendants for the foreclosure of two separate mortgages.
The cases were consolidated, but before coming to trial a
written agreement of settlement was entered into by which
the amount due plaintiff was adjusted at $815, which de-
fendants undertook to pay within sixty days, with an option
on their part to take a year's time upon securing the debt
by mortgage. In the event of defendant's failure to thus
pay or secure the debt, the plaintiff reserved the right,
to proceed with the original foreclosure to the amount of
the agreed balance of $815, interest, and costs. Thereafter
on April 13, 1908, the plaintiff filed an amended peti-
tion in the original consolidated action alleging the settle-
ment aforesaid and the failure of defendants to pay or
secure the debt and demanding decree of foreclosure. On
June 26, 1908, the defendants answered denying generally
the allegations of the amended petition. The cause thus
put at issue appears to have stood on the docket untried,
and, so far as the record shows, without trial notice by
either party. On June 22, 1909, the judge presiding in
the equity division of the Polk district court caused a
notice to be published to the effect that a call of the calen-
dar would be made at nine o'clock a. m. of July 1, 1909,
and that all cases not then continued for good cause would

be stricken from the docket. On June 25, 1909, counsel for plaintiff addressed this letter to defendant:

Mr. J. T. Hambleton, City—Dear Sir: I tried to get you by telephone a number of times to-day, but did not succeed. Judge McHenry says that our case must be disposed of now; that is to say, by July 1st. I have prepared form of decree such as we are entitled to have, and .wanted to submit it to Mr. Anderson; but he said I should see you. If you will kindly call me up by telephone, .I will come to your office and submit it to you. If I can not find you, I will know of nothing I can do but to submit it to Judge McHenry Monday afternoon next, when he returns from Marshalltown. Please call me up in relation to the matter, and oblige. If you will pay $100 now and give me some definite assurance of further early payments, I will be glad to do all I can to secure further delay in having entered. I do not know, however, whether I can accomplish the delay. Very truly yours,
                                        E. D. Samson.

Whether any response was made to this letter is not stated, but on July 1, 1909, counsel for plaintiff appeared in court, and upon call of the calendar (the defendants not being present in person or by counsel) demanded, and the court entered, a decree of foreclosure as prayed. The decree recites that though duly served with notice the defendants had failed to appear to answer or plead, and they were held to ,be in default. On July 12, 1909, the defendants claiming to have just become aware of the entry of the decree filed a motion supported by affidavit to set it aside, on the ground that it had been made without notice to the defendants, and that, although issue had been duly joined upon plaintiff's claim, it had never been properly assigned for trial, or any opportunity given them to establish their defense. They further allege that under the order or notice given by the court on June 22d as aforesaid they had the right to assume, and did assume, that the case would be continued or dismissed on the call

of the calendar.   On July 14, 1909, the court overruled
the motion to set aside the decree, and on December 30,
1909, defendants perfected their·appeal to this court.   On
the following day plaintiff made application for the court
to enter a *nunc pro tunc* order amending the record of the
case to make the same show or recite a state of facts
set forth in said application as follows:

That some time during the latter part of the month
of June, 1909, the above-named defendant J. T. Hambleton
came to the said judge of the said district court, the said
judge having at that time charge of the equity docket
of the said court, and said to him (the said judge), that
he was trying to perfect arrangement by which he could
either pay in full the amount due and owing to the plain-
tiff on the causes of action in the controversy herein, or
to pay part of the same, and make such satisfactory ar-
rangement with respect to the remainder thereof, as that
the plaintiff would grant the defendants further time in
which to pay said remainder, and that if·he failed to make
such payment or such partial payment and satisfactory ar-
rangement with respect to the remainder before the 1st
day of July, 1909, that Mr. Samson, one of the plaintiff's
attorneys, would submit to the judge a decree to be signed
by the said judge for entry in the said cause; and, further,
that upon the hearing of the said motion ruled upon and
determined by the said court by the said order of July
14, 1909, the said judge stated in open court, upon the
hearing of the said motion to and in the presence of the
counsel for plaintiff and for defendants respectively, the
facts as above stated as part of the evidence upon which
he determined the said motion, and showing, further, that
the said facts are within the present recollection of the
said judge as having occurred at the time above set forth.

Defendant's motion to strike the foregoing application
was overruled, and an order entered as asked by the plain-
tiff as follows:

Now on this 3d day of January, 1910, this cause come
on to be heard on the motion of the plaintiff to correct the

decree and include in the said record the statement made by the presiding judge in the trial of said cause upon hearing of the motion to set aside the decree therein entered, and upon full consideration the motion of the plaintiff is sustained, and the court now embodies in the final order overruling the motion to set aside the decree, this order being amendatory to the order of court made July 14, 1909, as follows: 'The defendants' said motion is overruled amongst other things for the following reasons: That some time, possibly ten days prior to the date of the original decree, I, William H. McHenry, judge of this court, met J. T. Hambleton on the street of the city of Des Moines, whereupon said J. T. Hambleton called my attention to this case, stating that it was within the list of cases that were to be stricken from the dockets on July 1, 1909, for want of attention, and he said that he was then engaged in negotiations with the plaintiff looking to the settlement of said case, and if it was not settled Mr. Samson would present me the necessary decree to close the trial and end it, and that I should sign the decree when presented by Mr. Samson who was then plaintiff's attorney. That by reason of the fact that I have had this conversation with the said J. T. Hambleton I heretofore did sign the decree, and now on this motion this statement as a matter of fact within the personal knowledge of the court is made part of the record in this case, and for further reason that on the hearing of the said motion this statement was proclaimed by me from the bench as a part of the record evidence acted upon by the court at that time.'

It should also be said that in support of their resistance to this proceeding the defendant L. B. Hambleton made affidavit denying the authority of J. T. Hambleton to consent to a decree against her, and that J. T. Hambleton also made affidavit denying that he said to the trial judge anything more than that a proposition of compromise had been made and that if an agreement was reached a prepared order would be presented to the court for entry in the case.

As the sole question presented by this appeal is one of regularity of practice in entering the decree at the time

and under the circumstances set forth, we have recited the
record with what would otherwise have been undue par-
ticularity.    Viewing the record as a whole,
we are of the opinion that defendant's motion
to set aside the decree should have been sus-
tained.    It appears without dispute that de-
fendants were not in default.    They had appeared by
counsel and filed an answer.    There is no suggestion that
any notice of trial had been given, although the case had
been two or three times continued.    It affirmatively appears
that the issue had not been assigned for trial, nor was it
reached in its order upon a call of cases for trial.    The
call of the calendar announced for July 1, 1909, was for
continuances and dismissals, and generally speaking upon
such a call a defendant having taken issue upon the claim
made against him may assume that his failure to be present
in person or by counsel involves no other risk than its
dismissal or its continuance over the term.

1. PRACTICE:
failure to ap-
pear on call
of calendar:
judgment.

Of course it is competent for the parties to consent
to trial or decree at any time (Code, section 3658) and
it is upon this principle, as we understand the record, that
appellee seeks to sustain the rulings and
decree appealed from.    But we think the con-
sent is not sufficiently shown nor is it to
be inferred from the record.    The letter from counsel for
the plaintiff to one of the defendants shows a commendable
desire to have the matter closed up without litigation and
informs him of the urgency of the court to have it disposed
of in some way at once but this of itself has no tendency
to show the necessary consent of either defendant to the
entry of a decree.    We have then only to consider whether
the evidence of a conversation upon the street between the
judge of the court and one of the defendants is sufficient
to sustain the decree and the order overruling defendant's
motion to set it aside.

2. JUDGMENTS:
entry by
consent.

We are quite well satisfied that the position of the

appellee upon this question can not be upheld. In the first place, conceding the literal correctness of the judge's

3. SAME: state-
ment to
judge outside
of court.

statement of such conversation, there is no showing or presumption of any authority on the part of such defendant to represent or bind his codefendant, against whom a personal judgment of several hundred dollars was entered. In the next place, we think the right or authority of the court to enter a judgment or decree should not depend upon statements made to or private conversations with the trial judge out of court. The protection of the court itself and of the judge who presides demands the observance of this rule. What is said in such an interview involves an everpresent possibility of misunderstanding, of differences in recollection and of future dispute and contention which should be avoided, but what is said or done in open court is made a matter of judicial record, or, if not recorded, the facts may ordinarily be established if necessary by the testimony of members of the bar or officers of the court or other bystanders. The embarrassment which the opposite rule would entail upon both court and litigant is well illustrated by the circumstances of the present case. The recollection of the trial judge is that in conversation with the defendant J. T. Hambleton the latter said negotiations for a settlement were pending, and that if *not* settled by the time the calendar was called on July 1st plaintiff's attorney would present a decree which the court could sign disposing of the case, while the recollection of the defendant named is that he told the judge that if a settlement *was* reached a prepared order to that effect would be presented for signature. While the difference in the effect of these two versions is very radical, it is easy to see how easily the parties to the conversation may have misunderstood each other, and both be entirely candid in their interpretation and recollection of what was said, and when an issue is thus raised the court should not be required to pass upon the comparative

weight and value of its own memory of a private conversation and that of another party to the same interview. Moreover, we think the only safe rule is to hold that in no case can statements made by a party to a judge in a private interview out of court be made the basis or warrant for a judicial act, judgment, or order in court. It is true that our Code (section 4610) makes the judge a competent witness in a case pending in his court, but it does not appear that the judge here presiding was offered or testified as a witness. His statement of the conversation in question is rather in the nature of a declaration from the bench explanatory of the circumstances under which the decree was entered. While not directly in point upon the question here presented, the following cases turn upon a principle which is quite analogous to the one which we here approve: *In re Kimble,* 127 Iowa, 665 ; *Bank v. Fanning,* 118 Iowa, 709.

Counsel for appellee argue that the answer being in the nature of an unverified general denial does not raise an issue with the petition, and defendants were properly treated as being in default. The point is not well taken. Of course a mere denial of indebtedness is not a well-pleaded defense. *Callanan v. Williams,* 71 Iowa, 363; *Slucksleger v. Smith,* 27 Iowa, 286. But the failure of the defendants to verify their answer did not expose them to the peril of being held in default so long as the pleading stood unassailed by motion or demurrer. Moreover, the failure to verify the answer did not affect the sufficiency of their denial to tender an issue, though it may have left them with the burden of proof on the question of the due execution of the written instrument. *Sankey v. Trump,* 35 Iowa, 267 ; *Brayley v. Hedges,* 52 Iowa, 623.

4. PLEADINGS: verification: default: burden of proof.

It is also to be noted that this contract sued upon was something more than a mere promise to pay, and an admission of the genuineness of the signatures would not be an

admission of plaintiff's right of recovery especially where all the other allegations of the petition are denied.

The decree was erroneous and must be reversed, and cause remanded to the district court for trial.—*Reversed.*