GRAETTINGER TILE WORKS, Appellee, v. C. E. PAINE et al., Appellees; O. N. GJELLEFALD, Appellant.

**JUDGMENT:**   Consent Judgment—Consent by Adversely Interested Party.   One of two adversely interested defendants may not, *as a matter of law*, appear in court on behalf of such other defendant. It follows that a consent decree entered on such appearance may be set aside.

**Headnote 1:**   34 C. J. p. 132 (Anno.); 30 Cyc. pp. 519, 520.

*Appeal from Kossuth District Court.*—F. C. DAVIDSON, Judge.

DECEMBER 14, 1926.

Motion by defendant Gjellefald to set aside a purported consent decree. Motion was submitted to the trial court upon affidavits, and was overruled. From such order the defendant has appealed.—*Reversed.*

*Thompson, Loth & Lowe,* for appellant.

*W. B. Quarton,* for appellee Graettinger Tile Works.

*J. L. Bonar,* for appellee United States Fidelity & Guaranty Co.

No appearance for C. E. Paine, appellee.

EVANS, J.—The defendant C. E. Paine was the principal contractor in a drainage project in Kossuth County. The plaintiff was a subcontractor, which furnished to Paine a large quantity of material for such project. As such, it filed a lien, which filing resulted in the tying up of funds otherwise payable to Paine. In order to obtain a release of such funds, Paine gave bond, with the defendant United States Fidelity & Guaranty Company as surety. This action was brought primarily upon the bond. However, it made the defendant Gjellefald a party defendant, under an allegation that he was the partner of Paine. Upon the same allegation, the purported partnership of Paine & Gjellefald was made a party. Judgment was asked against the partnership as such, and against each member thereof, including Gjellefald. The United States Fidelity & Guaranty Com-

pany, by a cross-petition against all its codefendants, asked judgment for such amount as it should be compelled to pay to the plaintiff. The defendant Paine filed an answer, expressly admitting the partnership with Gjellefald, and admitting all other allegations of the petition, except that it denied the amount claimed. Gjellefald appeared by separate counsel, and expressly denied that he was a member of any partnership on such job, or that there was any partnership of Paine & Gjellefald, and denied all liability on his part. He also joined with Paine in denying the amount claimed, in case he should be held liable as a partner. This was the general nature of the issues.

On January 3d, the attorney for the plaintiff and Paine in person appeared in open court, just before the adjournment thereof, and at their request the court made the following calendar entry in the pending case: ''Decree to be agreed on as signed.'' The terms of the decree were not at that time stated to the court. It was stated by the attorney for the plaintiff, in the presence of Paine, that he would prepare the decree and send it to the sitting judge later. Some days later, such purported decree was prepared by plaintiff's attorney, and sent to the sitting judge by mail, and was by him signed, and the same was filed with the clerk on January 16, 1925, and entered of record. This decree awarded personal judgment against all the defendants, including the alleged partnership and Gjellefald personally. Neither Gjellefald nor his attorney knew anything about this decree or any proposed consent decree until after the same had been entered of record. Upon discovery of the same, the motion was filed. The resistance to this motion consisted, in substance, of a showing by affidavits of Paine that Gjellefald was a partner, and in a further showing that, some weeks before, Gjellefald had authorized Paine to make a settlement of the case. Other affidavits were filed, to the effect that, in such prior conversations, the defendant had authorized Paine to make a settlement. The trial court overruled the motion in part, upon the theory that Paine was authorized to represent Gjellefald in such matter. In so holding, the trial court seems to have overlooked the fact that, under the issues made, Paine and Gjellefald stood before the court adversely interested. Gjellefald was denying the partnership, and denying his liability for any part of the debt on that ground. Paine was expressly admitting the partnership, and

has at all times asserted it. If the fact were so found, it would be to the advantage of Paine and to the disadvantage of Gjellefald, in that, as between them, Gjellefald would be liable for one half of the claim, there being no partnership property, as such. The consent decree settled that issue against Gjellefald; and entered a personal judgment against him, as such. There was no authority before the court for the settling of such issue against Gjellefald (and, as a consequence, in favor of Paine), except the consent of Paine, purporting, doubtless, to represent both himself and Gjellefald. Paine's interest on that question was clearly hostile to his purported principal, and he could not, as a matter of law, represent his principal therein. This of itself seems to us quite decisive of the question before us. Counsel for appellee rely upon a holding in *Feuhr v. Ewert & Richter Exp. & S. Co.*, 180 Iowa 518. The holding in that case is quite squarely against the position of appellee. It holds that even an attorney at law, to say nothing of a layman, employed to obtain a *settlement* of a controversy, is not thereby authorized to enter an appearance in court for such client. The previous conversations upon which Paine based his authority were to the effect that he should settle the controversy. It is not claimed in any affidavit that a consent decree was talked about. The defendant Gjellefald vigorously denies ever authorizing Paine to do more than to see what kind of a proposition he could get, and report to him; and that, if satisfactory, he would pay half of it. The very purpose of the statute in requiring judgment by consent to be entered in open court, or else to be in writing and signed, is that all dispute of fact as to outside conversations shall be thereby eliminated. *Thorn v. Hambleton*, 149 Iowa 214; *Fort Dodge Lbr. Co. v. Rogosch*, 175 Iowa 475.

It is to be noted further that the only entry made in open court was as above stated. The terms of the settlement were not made known to the court. These terms were reduced to writing outside of court, and thereafter, in the form of a purported decree. It was not signed by Gjellefald or by his attorney; nor, for that matter, did Paine even purport to sign it for him. We come to the unavoidable conclusion that the court was without power, upon the mere consent of Paine, to settle against Gjellefald an issue in which the interest of Paine was adverse, and not joint. In so far, therefore, as the adjudication operated against

the interest of Gjellefald, it must be held invalid. The trial court predicated decision in part upon a finding under the affidavits that Gjellefald was the partner of Paine, notwithstanding his denial thereof. The decree could not be thus validated. This defendant is entitled to trial of that issue in accordance with regular procedure. He was not required to try or to sustain the issue in support of his motion. In order to invalidate the decree, it was enough that the issues were made by the pleadings. He is still entitled to his day in court thereon, and such issue must be opened to him accordingly.

The good faith of plaintiff's attorney was not questioned, upon the record. He undoubtedly believed that Paine was justified in purporting to represent Gjellefald, and acted in such belief. To the extent here indicated, the consent decree must be set aside. The decree may stand as against Paine and as against the United States Fidelity & Guaranty Company. In so far as it affects the liability of this defendant, it is reversed.—*Reversed.*

DE GRAFF, C. J., and STEVENS and ALBERT, JJ., concur.

MORLING, J., not participating.