CUTINO COMPANY, Appellant, v. GLENN N. WEEKS, Appellee.

**PLEADING:** Verification—Waiver of Defective Verification. Defects in the verification of a pleading are waived by failure to move to strike the defectively verified pleading.

**ACCOUNT, ACTION ON:** Burden of Proof. In an action on an account, the plaintiff must necessarily fail when he wholly fails to establish either the reasonable value of the goods or the agreed price therefor, such being the issues in the case.

Headnote 1:   31 Cyc. p. 732.   Headnote 2: 1. C. J. p. 661; 35 Cyc. p. 565.

*Appeal from Carroll District Court.*—ROBERT McCORD, Judge.

APRIL 5, 1927.

Suit on account. Trial to the court without a jury. From a judgment in favor of the defendant plaintiff appeals.—*Affirmed.*

*William E. Byers, Brown McCrary,* and *John E. Haltigan,* for appellant.

*F. H. Cooney,* for appellee.

ALBERT, J.—On October 1, 1924, appellant filed a petition in the usual form in suit on account for merchandise sold and delivered, and attached thereto an itemized bill of particulars. This petition was unverified. Appellee answered, and his answer was unverified. Later, appellant filed an amended and substituted petition, which was verified. Appellee then filed a verified amendment to his answer.

There is no dispute in the evidence that the articles constituting the bill of particulars were shipped to and received by appellee. In one part of the answer, appellee, while admitting receipt of the goods, denies that the prices fixed in the account are the reasonable and usual prices for such articles. This part of the answer was not verified. Later, an amendment was set up, alleging certain other matters, including in it a denial of any knowledge or information sufficient to form a belief as to the reasonable value of the charges made, and denying that there was an agreed price for such articles. This was filed after appellant filed its verified amended and substituted petition, and gives rise to the first bone of contention between these parties. It is claimed that, as these two denials were inconsistent, a straight verification is not sufficient, but that the verification should allege that one or the other of the defenses is true, etc. Even though the verification were defective, and did not comply with the statute, it did not expose appellee to the peril of being held in default, so long as the pleading stood unassailed by motion or demurrer. *Thorn v. Hambleton,* 149 Iowa 214. In fact, if the amendment of appellee had not been verified, appellant's only remedy was a motion to strike, and if it proceeded to trial without making such motion, it waived the defect. See Section 11168, Code of 1924. Having proceeded to trial in this case without attacking · or complaining of the verification, it waived any question as to the regularity or sufficiency. *Taylor, Shipman & Co. v. Runyan & Brown,* 9 Iowa 522; *Wolff & Hoppe v. Hagensick,* 10 Iowa 590; *Lee v. Keister,* 11 Iowa 480; *Rush v. Rush,* 46 Iowa 648; *Guthrie v. Guthrie,* 84 Iowa 372.

*1. PLEADING: verification: waiver of defective verification.*

We find nothing in this contention of appellant's.

Under the general denial of appellee, the burden of proof was upon appellant either to establish its claim as alleged, for the reasonable value of the goods sold and delivered, or to establish that they were sold at an agreed price. As to the first proposition, the appellant introduced no evidence whatever. As to the second proposition, it is the claim of appellant that a written order was made for these goods on which they were shipped to appellee, and that, therefore, the prices stated in said written order were the agreed prices. The trouble with this proposition is that no such order

*2. ACCOUNT, ACTION ON: burden of proof.*

was offered or introduced in evidence, and no witness testifies that the prices set opposite the articles in the bill of particulars were the agreed prices for such articles. This being true, appellant must fail on this phase of the matter.

Appellant further urges that the written order for these goods, with the prices set out thereon, constituted an account stated. With this we cannot agree. In the first place, an account stated means a bill of particulars rendered, setting out the articles and prices which are agreed upon between the two parties as a correct statement of account. As heretofore stated, we have nothing of this kind in evidence in this case, and, therefore, appellant must fail on this question.

Under the whole record as presented to us, we are satisfied that the final conclusion reached by the district court was correct.—*Affirmed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.