STONE *against* HEALY and another.

The provision in the constitution of this state, *art.* 10. *sect.* 1. requiring all executive officers, before they enter on the duties of their respective offices, to take the oath therein prescribed, is applicable to such officers only as should be thereafter appointed.

Therefore, where a person, who had been duly appointed constable, and legally qualified, before the adoption of the constitution, served a writ of attachment, within the year for which he was appointed, but after the adoption of the constitution, without taking the oath prescribed therein for executive officers; it was held, that such person was authorized to make such service.

This was an action of trespass, for taking certain goods and chattels; tried at *New-Haven, August* term, 1823, before *Chapman*, J.

The plaintiff claimed title to the property described in the declaration, by virtue of the service by him of a writ of attachment, in favour of *Gershom Smith* against *Healy*, one of the defendants, directed to the plaintiff as a constable of the town of *Guilford*. This writ was duly returned; and the plaintiff named therein obtained final judgment in his favour. The plaintiff was duly appointed a constable of the town of *Guilford*, and he accepted the appointment, and took the oath provided by law for constables, before the adoption of the constitution of this state; but he served the attachment in question, within the year for which he was appointed, after the adoption of the con-

stitution, without having taken the oath provided therein for executive officers. The defendants claimed, that the plaintiff, under these circumstances, was unauthorized to make the service; and that he had, therefore, failed to make out a title to the property. The judge instructed the jury, that the plaintiff was duly authorized to act as a constable of the town of *Guilford;* and they returned a verdict in his favour. The defendant moved for a new trial, on the ground of a misdirection.

The case was submitted without argument.

HOSMER, Ch. J. The question for the Court's determination, is merely this; whether the plaintiff, at the time when he attached the goods in question, was a constable of the town of *Guilford.* *Before* the adoption of the constitution of this state, he was duly appointed and sworn; but the attachment he levied *after* the constitution was adopted, without having taken the oath of office prescribed by that instrument. It is contended, that the reception of this oath was an indispensible qualification of office. I am of a different opinion. It never was the intention of the constitution to put an end to the executive authority in any, much less in all its departments. The supposition is too grossly inconvenient to be countenanced. But if the oath provided by the constitution was necessary, for those who held offices at the time of its adoption, the absurd consequence suggested, inevitably must result. The constitution declares, that all officers, executive and judicial, shall, *before they enter on the duties of their respective offices,* take the oath prescribed. *Art.* 10 *sect.* 1. The phraseology necessarily implies *futurition;* and clearly indicates, that all officers, who, in time to come, should be appointed, and who had not entered on the duties of their offices, should take the oath; but until a future appointment to office, the government of the state was not to be suspended If this had been the intention, the declaration would have been explicit, that officers, judicial and executive, should be incapable of any official act, until the oath prescribed was received; but the exigencies of the case did not require such a provision. Sufficient, it was supposed to be, that *in future* every incumbent of office should swear to support the constitution of this state, and that of the *United States.*

Stone
*v.*
Healy.

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

New trial not to be granted.