## STUCKSLEGER v. SMITH.

1. Pleading: ANSWER: LEGAL CONCLUSION: DEMURRER. A clause of an answer in an action upon a promissory note, which merely denies, as a conclusion, that there is due on the note the amount claimed by the plaintiff, constitutes no substantial defense, and may be assailed by demurrer.

2. Evidence: PAROL TO VARY WRITTEN INSTRUMENT: PLEADING. Evidence of a contemporaneous verbal agreement, that the maker of a promissory note should, at his option, have time for payment beyond that fixed in the note itself, is not admissible; and an answer setting up such agreement as a defense is demurrable.

*Appeal from Linn District Court.*

THURSDAY, JUNE 17.

SUIT upon a negotiable promissory note, of date February 20, 1866, for eight hundred and eighty dollars, payable

one year after date to Robert Berry or order, and by him indorsed in blank to plaintiff. The petition contained a copy of the note, was in the usual form as to averments, was verified, and concluded with "wherefore plaintiff demands judgment against the defendant for fifteen hundred dollars and costs of suit."

The defendant verified his answer, and, first, admitted the execution of the note sued on, but denied "that there is due on said note the sum of fifteen hundred dollars as claimed by plaintiff;" and, second, averred that at the time said note was drawn it was verbally agreed that defendant should have, at his option, from two to three years time to pay the same, in consideration of his taking that amount of money at ten per cent. The plaintiff demurred to this answer and the demurrer was sustained by the court, and judgment rendered for the plaintiff for $1,092.66. The defendant appeals.

*Thompson & Davis* for the appellant.

*Thos. Corbett* for the appellee.

Cole, J. — The demurrer was to the whole answer, and, if either count was good, it should not have been sustained as to such count. But was either count

1. PLEADING: answer: legal conclusion: demurrer.

good? As to the first count, it did not deny any averment of the petition; it only denied the prayer or demand for judgment for fifteen hundred dollars. There was therefore no issue of *fact* to be tried by court or jury. The only question to be determined was one of law upon the facts averred in the petition and admitted by the answer, to wit: how much was due upon the note? Even if the denial be construed to be a denial of fact, it was only a denial that defendant owed plaintiff fifteen hundred dollars, and not that he did not

owe him ten hundred and ninety-two dollars and sixty-six cents. The case is very analagous to *Mann* v. *Howe et al.*, 9 Iowa, 546, and the court did not err in rendering judgment for plaintiff for the amount due on the note without any jury or other trial.

As to the second count, the appellant's counsel do not seriously maintain its sufficiency. That it is not good is quite apparent, on the ground that it would be allowing a written instrument to be varied by a parol contemporaneous contract, as also allowing such defense against a *bona fide* indorsee for value before maturity. The law is well settled that neither can be done.

*2. EVIDENCE: parol to vary written instrument: pleading.*

Affirmed.