CALLANAN ET AL. V. WILLIAMS ET AL.

1. **Pleading:** ANSWER: DENIAL OF AMOUNT DUE: EFFECT. A denial in an answer that defendants are indebted in the amount claimed in the petition does not present an issue of fact, and does not amount to a general denial. (*Stucksleger v. Smith*, 27 Iowa, 286, followed.)

2. **Promissory Note:** PAYMENT: DEPOSIT OF MONEY WITH ONE NOT A BANKER. Where a note is made payable at the office of one not a banker, and not the payee, the deposit of money to pay the note with such person is not a payment of the note, as the holder is not required by law to present the note at that place for payment. (Compare *Lazier v. Horan*, 55 Iowa, 75.)

*Appeal from Taylor District Court.*

MONDAY, MARCH 14.

ACTION on three promissory notes and to foreclose a mortgage. A demurrer to the answer was overruled, and the plaintiffs appeal.

*J. J. Davis*, for appellants.

*Flick & Jones*, for appellees.

SEEVERS, J.—The following is a copy of one of the notes upon which the action was brought:

"$180. REAL ESTATE, LOAN AND EXCHANGE OFFICE OF N. B. MOORE.

"CLARINDA, IOWA, November 1, 1880.

"One year after date I promise to pay to the order of N.

B. Moore one hundred and eighty dollars, with ten per cent interest from date, payable annually at the office of N. B. Moore, in Clarinda, Iowa, and, if not paid when due, the interest to draw the same per cent after due as the original note, and, if collected by suit, a reasonable attorney's fee. Value received.　　　　　　　　　　　　J. T. WILLIAMS."

The other two notes are in all respects like the foregoing, except that one is payable in one and the other in two years after date. It is stated in the petition that the notes were indorsed and transferred by the payee, before maturity, to an innocent holder, from whom the plaintiffs obtained the notes. The defendants admitted the execution of the notes and mortgage, denied that they were indebted in the amount claimed in the petition, and pleaded that on the first day of October, 1881, the maker paid the note above set out to N. B. Moore, at his office, at Clarinda, Iowa; and that on the fifteenth day of April, 1882, the maker paid the full amount due on the two last described notes to N. B. Moore, at his office at Clarinda, Iowa; that said Moore has possession of said money at his said office to pay said notes when presented at said place; that, when said money was paid, Moore represented that the notes had been lost or mislaid, and he canceled the mortgage to secure the same, and then and there agreed with said Williams to take up and pay said notes in full at their maturity, or when presented at his office; and he now holds said money, but said notes have never been presented for payment at said office. A demurrer to the answer was overruled.

I. Counsel for the appellees insist that the court did not err in overruling the demurrer, because a general denial was

1. PLEADING: answer: denial of amount due: effect.

pleaded, and the demurrer was to the whole answer. A denial in an answer that the defendants are indebted in the amount claimed in the petition does not present an issue of fact, and does not amount to a general denial. *Stucksleger v. Smith*, 27 Iowa, 286.

II.  It is suggested by counsel, and we assume that the demurrer was overruled on the ground, as the court thought, that this case comes within the rule recognized in *Lazier v. Horan,* 55 Iowa, 75.  The decision in that case is grounded on the fact that the note was payable at a bank, in which money is ordi-.

2. PROMIS-
SORY note:
payment: de-
posit of mon-
ey with one
not a banker.

narily and usually deposited; and where notes are made payable at the bank the parties expect collection to be made through it.  For a full discussion of the question determined, see the late case of *Adams v. Hackensack Imp. Com.* 44 N. J. Law, 638.  We therefore do not feel disposed to extend the rule of the cited case.  The facts of this case are materially different.  The notes were made payable at the office of N. B. Moore, (or at least the interest was,) at Clarinda, Iowa, and we may assume, possibly, that it was a real estate, loan and collection office; and it seems to us that such an office is in no respect different from the office of a lawyer, merchant, or hundreds of other offices where business of a similar character is done.  At least, it does not appear that money was ordinarily deposited by people generally at said office, or that notes payable there were usually sent, placed or kept there for collection or payment.  The ordinary rule is that payment must be made to the holder of the note, and it is not essential to the maintenance of an action on a note payable at a particular place that it should be presented there for payment.  This rule is recognized in *Lazier v. Horan.* If this payment is recognized as valid, then we are unable to see why a note payable at any office or designated place of business where notes are ordinarily or occasionally executed could not be paid at such place.  This would greatly embarrass commercial transactions, and prove detrimental, we think, thereto.  The court, we think, erred in overruling the demurrer.

REVERSED.