ALL ELECTRIC SERVICE, INC., Appellant, v. MATOUSEK, Respondent.

*No. 87.    Argued February 5, 1970.—Decided March 3, 1970.*
(Also reported in 174 N. W. 2d 511.)

---

196

For the appellant there was a brief by *Jasper, Winner, Perina & Rouse* and *Donald R. McCallum,* all of Madison, and oral argument by *Mr. McCallum.*

For the respondent there was a brief by *Cross, Langer & Krainik* and *Clyde C. Cross,* all of Baraboo, and oral argument by *Clyde C. Cross.*

WILKIE, J. Three issues are raised on this appeal involving the trial court's dismissal of plaintiff's action

following the denial of plaintiff's motion for judgment on the pleadings.

1. Did the denials in defendant's answer constitute negative pregnants and as such were they insufficient to raise any issues in defense to plaintiff's cause of action?

2. Were the affirmative defenses in defendant's answer legally sufficient to raise issues of fact so as to defeat plaintiff's motion for judgment on the pleadings?

3. If the answer was sufficient to raise issues in defense, then was it erroneous for the trial court to enter judgment not only denying plaintiff's motion for judgment on the pleadings, but granting judgment on the pleadings to defendant and dismissing plaintiff's complaint on the merits?

Although the propriety of a motion for judgment on the pleadings has been questioned [1] and its use criticized,[2] this court, under its rule-making power, recently promulgated a rule expressly recognizing the availability of a motion for judgment on the pleadings. Sec. 263.227, Stats., with an effective date of July 1, 1968, now provides:

"Sec. 263.227 **Judgment on the pleadings.** Judgment on the pleadings may be entered in any civil action or special proceeding. Notice of motion for judgment on the pleadings and the documents in support thereof shall be served within 40 days after issue is joined, subject to enlargement of time as provided in s. 269.45." [3]

Prior to the enactment of this section the use of the motion had been recognized in many early decisions of this court.[4] The proper method to use this rarely em-

---

[1] See, *Wisconsin Collectors Asso. v. Thorp Finance Corp.* (1966), 32 Wis. 2d 36, 42, 43, 145 N. W. 2d 33; *Buckley v. Park Building Corp.* (1966), 31 Wis. 2d 626, 629–631, 143 N. W. 2d 493.

[2] See generally, Comment, 1947 Wisconsin L. Rev. 422.

[3] 35 Wis. 2d vii.

[4] See, *State ex rel. Tracy v. Henry* (1935), 219 Wis. 53, 262 N. W. 222; *Kuhn v. Sol. Heavenrich Co.* (1902), 115 Wis. 447, 91 N. W. 994; *Kilbourn v. Pacific Bank* (1860), 11 Wis. 239 (*230).

ployed motion was set forth in *Madregano v. Wisconsin Gas & Electric Co.*[5] In that case the plaintiff was seeking to force the public utility defendant to furnish him with service which had been cut off. The answer admitted that service to the plaintiff had been cut off but claimed this was done because the plaintiff had not paid, and refused to pay, for as much power as had been supplied to him and that the defendant had a claim for this. The plaintiff moved for judgment on the pleadings, which was granted. On appeal, this court reversed and said:

"The motion for judgment upon the pleadings raised the question of whether or not the facts alleged in the answer were sufficient in law to constitute a defense to the cause of action set out in the complaint. While the answer contains evidentiary matter which should not appear in a pleading, it did contain allegations setting up new matter, and by the provisions of sec. 2667, Stats., these allegations are deemed denied. There was therefore an issue of fact. In some jurisdictions it is held that under such circumstances a motion for judgment upon the pleadings should not be entertained. . . . But where the plaintiff's claim is admitted by the answer and no facts are alleged *which if established* would defeat it, the plaintiff may properly have judgment upon the pleadings. . . .

"In determining whether or not the facts set up in the answer constitute a defense to the plaintiff's cause of action all the averments of the answer must be taken as true. . . .

"The allegations contained in the pleadings of the moving party must be disregarded where they are in conflict with the allegations contained in the pleading of the opposite party or are denied. The question presented for determination, therefore, is: Were the facts set up in the defendant's answer sufficient in law to constitute a defense to plaintiffs' cause of action? . . ." (Citations omitted and emphasis added.) [6]

[5] (1923), 181 Wis. 611, 195 N. W. 861.
[6] *Id.* at pages 616, 617.

In the instant case, the plaintiff contends that the defendant's answer is insufficient to constitute a defense and therefore its motion for judgment on the pleadings should have been granted.

To achieve this objective plaintiff must demonstrate that there are no sufficient legal defenses set forth in either the denials or the matters of affirmative defense alleged in the answer.

As to the denials, plaintiff argues that since the defendant's answer merely reiterated the allegations of the complaint in negative form, they constitute negative pregnants and are ineffectual to raise a defense.[7]

The trial court was of the opinion that paragraph 2C of the answer, which paralleled paragraph 9 of the complaint, was a negative pregnant because it "may constitute an admission that something is due to the plaintiff."

However, the trial court reasoned that plaintiff still must prove the amount due and since the answer specifically denied the mentioned amount, that sum could not be awarded to plaintiff. Furthermore, the trial court reasoned that since it was precluded from awarding the amount requested (because this amount was specifically denied) any amount that might be awarded if the court were to grant the plaintiff's motion for judgment on the pleadings, would be pure speculation.

The trial court is correct in its reasoning. Moreover, the cases plaintiff particularly relies on do not necessarily support its position.

*Virkshus v. Virkshus* [8] involved an action to foreclose a mortgage. The answer contained a denial, in exactly

---

[7] *See generally, Virkshus v. Virkshus* (1947), 250 Wis. 90, 26 N. W. 2d 156; *Bjelde v. Dolan* (1946), 248 Wis. 153, 21 N. W. 2d 258; *Grimm v. Town of Washburn* (1898), 100 Wis. 229, 75 N. W. 984. *See also, Carpenter v. Town of Rolling* (1900), 107 Wis. 559, 83 N. W. 953; *Argard v. Parker* (1892), 81 Wis. 581, 51 N. W. 1012; *Schaetzel v. Germantown Farmers' Mut. Ins. Co.* (1868), 22 Wis. 393 (*412).

[8] *Supra,* footnote 7.

the same words as the complainant's allegation, that the mortgage was "duly" attested and "duly" acknowledged. This court said this was a negative pregnant—pregnant with an admission that the mortgage *was* attested and acknowledged. The only thing which was denied was that this attestation and acknowledgement were "duly" performed, but since this was a conclusion of law this denial actually raised no issue. If "due" execution had constituted a *material* factual issue, then a triable issue would have been raised by this denial.

Similarly, in *Bjelde v. Dolan* [9] this court, while noting its disapproval of the use of negative pregnants when used in pleading, said the pleading was defective as to form only and could be cured by amendment.

Thus, in *Spence v. Spence* [10] this court indicated that a negative pregnant in a responsive pleading is not necessarily ineffectual. In that case a denial that the defendant had received plaintiff's money for the purpose of buying certain lands for plaintiff was recognized to be a negative pregnant but it was effective as a denial to the purpose for which the money was to be used but pregnant with an admission that defendant had received plaintiff's money for some purpose. Since the plaintiff's cause of action was dependent on establishing both the delivery and the specific purpose for which this money was to be used by defendant, this negative pregnant denial was held sufficient.

From these cases it would appear that a negative pregnant is ineffectual to raise an issue in a responsive pleading only when the negative pregnant admits a fact material to the opposing party's cause of action.

In the instant case it would seem to be at least arguable that the defendant's denials are negative pregnants and that they admit the material allegations in the complaint and thus do not raise a sufficient defense. This

[9] *Supra*, footnote 7.
[10] (1863), 17 Wis. 462 (*448).

would appear to be true even though the denial was plain enough to put the facts in issue.

But the affirmative defenses alleged in the answer do raise issues sufficient to warrant denial of plaintiff's motion for judgment on the pleadings.

The plaintiff claims that these affirmative defenses are insufficient because they are mere conclusions. This claim is without merit. The trial court was correct in saying that plaintiff should have made this objection by a motion to make more definite and certain.[11]

Thus, we are satisfied that plaintiff was not entitled to judgment on the pleadings.

Having determined this, the important question still remains whether the plaintiff, when it moves for judgment on the pleadings and such motion is denied, should be penalized by having its complaint dismissed on the merits. The trial court was of the opinion that the case of *Sanderson v. Herman*[12] calls for such a drastic result. We think not.

In that case the plaintiffs sought to annul and enjoin enforcement of a special assessment resulting from a change of grade of a road. After the defendant's answer, "The cause was submitted upon the pleadings," and the trial court held that the answer did not constitute a defense and gave judgment in favor of the plaintiffs. This court reversed with directions to enter a judgment dismissing the complaint. On motion for rehearing, the plaintiffs requested that the court amend its mandate so as to grant a new trial instead of ordering judgment for the defendant.

This court, in its opinion on rehearing, said that by plaintiffs' motion at the trial court,

---

[11] *See generally, Cheese v. Afram Brothers Co.* (1966), 32 Wis. 2d 320, 145 N. W. 2d 716. *See also, Marshall v. Wittig* (1931), 205 Wis. 510, 238 N. W. 390.

[12] (1901), 108 Wis. 662, 84 N. W. 890, 85 N. W. 141.

". . . the cause came to *trial* upon the answer, . . . [and] that both parties consented to treat the answer as the basis upon which trial should be had. . . . The consent to a trial upon that basis must be construed as a stipulation that the answer is true, not alone for the purposes of a motion or for the mere consideration of its sufficiency as a pleading, such as would be the admission in case of a demurrer, but true for the purposes of a trial from which is to result final adjudication of the rights of the parties. The trial of an action is a very different proceeding from the consideration of a demurrer or of a motion. It would be trifling with the court to invite it, by consent of counsel, to enter upon the trial of an action upon a given basis, and, when decision is reached as the result of such trial, to contend that the proceeding was tentative and experimental only. . . . If the question submitted were, as counsel now contends, merely the sufficiency of the answer as a pleading, on resolution of which against the plaintiffs they should have a right to try the issues, the reciprocal right to the defendant of amendment in case of decision against him would seem clear, but nowhere in the record is suggestion that any of the parties contemplated such a privilege. We think it plain, therefore, that the present motion of the respondents should be denied. The cause having been submitted to the circuit court for trial upon a given basis, it becomes the duty of this court, on reversing the action in fact taken by that court, to direct the action which would have been proper." [13]

The trial court in the instant case was of the opinion that the result of the rules concerning motion for judgment on the pleadings as found in the *Madregano Case* and the *Sanderson Case*, are exactly the same as if there had been a trial with testimony taken and at the conclusion of the trial the court had found for the defendant upon all the factual issues. Thus the trial court dismissed the plaintiff's complaint on the merits.

We do not think that these cases lend authority for such a drastic result. We note that the strict language

[13] *Id.* at pages 673, 674.

in *Sanderson,* a 1901 case, has not been followed in any later case. *Sanderson* itself, rather than involving a judgment-on-the-pleadings situation, actually concerned an agreed submission of an action upon the pleadings. In other words, there was a submission of an agreed case. The language in *Madregano* [14] implies that a trial on the issues raised by the complaint and answer follows an unsuccessful motion for judgment on the pleadings. In *Wiesmann v. Donald,* [15] this court recognized that a party adverse to the party who moves for judgment on the pleadings may plead over.

We find no previous Wisconsin case which upholds defendant's advocated all-or-nothing result.

Because we conclude that issues of fact were raised by the pleadings which should be resolved by other appropriate motions or trial, we do not reach the question of whether there can be pleadings which raise only legal questions which on the motion for judgment on the pleadings may be resolved not only against the mover but also in favor of the party against whom the motion is made, without a competing motion for judgment on the pleadings by that party.

*By the Court.*—Judgment reversed; cause remanded for further proceedings consistent with this opinion.

---

[14] *Supra,* footnote 5.
[15] (1905), 125 Wis. 600, 604, 104 N. W. 916.