**TIP TOP DISTRIBUTING CO.,** Appellant,

v.

**INSURANCE PLAN SAVINGS & LOAN ASSOCIATION OF MT. PLEAS-ANT,** Appellee.

No. 54961.

Supreme Court of Iowa.

May 11, 1972.

Neiman, Neiman, Stone & Spellman, Des Moines, for appellant.

Alanson K. Elgar, Mt. Pleasant, for appellee.

REYNOLDSON, Justice.

This is an appeal from a summary judgment for defendant in a law action. We reverse and remand for trial.

Plaintiff Tip Top Distributing Co. sued defendant Insurance Plan Savings upon an alleged agreement to pay plaintiff $7500 from four different construction jobs which defendant was financing for Mark E. Scott and Scott Lumber Company. The alleged contract was plaintiff's forbearance from filing liens (for materials furnished) in return for defendant's promise to pay plaintiff $7500 (on vouchers signed by Scott) when completion of the houses reached a point where the vouchers could be paid. The petition asserted plaintiff had relied on the promise and filed no liens, and although the houses had been completed, defendant had refused to pay.

Answering, defendant admitted the houses were completed, but alleged Scott performed no substantial work and furnished no materials after October 25, 1968 (date of the alleged agreement), and the houses were not completed by him or his company.

Defendant filed the first motion for summary judgment (supported by affidavit) substantially repeating allegations of its answer and further asserting Scott Lumber Company was adjudged bankrupt February 26, 1969 and that plaintiff should pursue its claim in bankruptcy court. Plaintiff's resistance was supported by an affidavit of vice-president C. L. Strom, who stated that prior to October 25, 1968 Scott owed plaintiff $6600 but still wanted delivery of about $900 in additional materials. This affidavit described negotiations with C. R. McCuen, president of defendant association:

"* * * C. R. McCuen, stated that if we would withhold the filing of suit on liens and would further deliver the additional approximately $900.00, worth of materials; that he would obtain Mark Scott's signature on four vouchers totaling $7,500.00, and send the vouchers to us as the houses were being constructed,

and we would receive our money in full; * * *."

Strom further claimed reliance on this promise in not filing liens and in furnishing $868.66 in additional materials.

Also attached to the resistance was a letter (by reference made a part of the affidavit) dated November 1, 1968, written by McCuen to the affiant:

" 'Dear Mr. Strom:

We have this day received the four vouchers signed by Mark Scott and they will be held in our office until such time that the house construction progresses to the point that they can be paid. You may be assured that [when] this construction reaches the proper stage, we will send you our check in the amount of $7,500.00. Thank you very much for your cooperation in this matter.' "

Before defendant's motion was ruled on, plaintiff filed its own motion for summary judgment, claiming it was entitled to judgment as a matter of law on the basis of attached affidavits by Strom and by the president of Freitag, Inc., the latter swearing his corporation had completed the construction of the houses. Defendant filed resistance to this motion, alleging, "There are justiciable issues raised by the pleadings which would not entitle plaintiff to its motion for Summary Judgment." Attached to the resistance was an affidavit by McCuen, stating his defendant company had loaned Scott $82,000 secured by real estate first mortgage dated August 23, 1968. On October 25, 1968, the date of his conversation with Strom, Scott had houses in various stages of construction. McCuen denied Strom threatened to tie up construction or that he had requested Strom to either withhold filing liens or to deliver additional materials. This affiant stated,

"The only thing that I told Mr. Strom on October 25, 1968 was that at such time as construction on the houses *by Mark E. Scott* and the *Scott Lumber Company* had reached a stage of construction which would meet the then existing payout regulations of the association, the Insurance Plan would honor the pay-out vouchers which Scott and the Scott Lumber Company were asked to sign." (Emphasis added)

McCuen further swore no "substantial work" was done by Scott or materials furnished by him after October 25, 1968.

Certified proceedings from bankruptcy court relating to the Scott bankruptcy were a part of defendant's resistance. Those proceedings report a sale of the mortgaged real estate, including the partially constructed houses, to defendant for $54,950.07.

Trial court thus had before it two motions for summary judgment, one filed by each party, and each resisted by the opposing party. Finding the only fact dispute was whether McCuen had made statements which induced plaintiff to withhold filing liens and to advance more materials, trial court held that assuming such representations had been made to plaintiff, the latter could not recover because *Scott* never completed the houses to the stage where the vouchers could be paid. This holding was premised on the following finding:

"*Both* parties assert that the defendant agreed to honor vouchers signed by Scott payable to the plaintiff when the houses in question reach the proper stage of construction *by the contractor, Scott,* and this was communicated to the plaintiff orally and in the two letters previously set out herein." (Emphasis added)

I. Defendant's motion is based on rule 237(b), Rules of Civil Procedure, permitting such motion by "[a] party against whom a claim, counterclaim, or cross-claim is asserted, or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Rules relating to the consideration of such motion at trial level

were recently reviewed in Davis v. Travelers Ins. Co., 196 N.W.2d 526 (Iowa, filed April 13, 1972).

Where a fact issue is generated by the pleadings, depositions, affidavits or other instruments before the court we have reversed where trial court sustained the motion for summary judgment. Continental Ill. Nat. B. & T. Co. of Chicago v. Security State Bank, 182 N.W.2d 116 (Iowa 1970); Northwestern Nat. Bank of Sioux City v. Steinbeck, 179 N.W.2d 471 (Iowa 1970); Sherwood v. Nissen, 179 N.W.2d 336 (Iowa 1970).

■ The fact there were cross-motions for summary judgment does not change the applicable rules. "The well-settled rule is that cross-motions for summary judgment do not warrant the court in granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely disputed." 6 Moore, Federal Practice § 56.13, p. 2247 (1965). That authority interprets rule 56, Federal Rules of Civil Procedure, which is similar in all important respects to our rule 237. Bauer v. Stern Finance Company, 169 N.W.2d 850 (Iowa 1969).

■ II. In accordance with established doctrine, a party moving for summary judgment in an action on contract has the burden of establishing there is no dispute in the facts entitling him to judgment. Davis v. Travelers Ins. Co., supra. See also 6 Moore, Federal Practice § 56.17 [11], p. 2507 (1965).

■ Here trial court erred in finding the *only* issue generated by the affidavits was the fact of the agreement. The affirmative finding that "*both* parties assert" the vouchers would be honored when the houses had reached the "proper stage of construction *by the contractor, Scott*" is not supported by the record. The alleged contract provision that *Scott* was to continue or complete construction was never asserted by plaintiff, and was only belatedly advanced by defendant.

Attached to plaintiff's petition was a copy of a letter from defendant to Scott, forwarded to plaintiff, explaining the agreement between these parties, stating in part, "We have agreed with Mr. Strom that when the completion progress reaches the percentage standpoint that the vouchers can be paid, * * *." Defendant concedes the copy of this letter was sent to plaintiff. There is nothing in it apprising plaintiff that completion was limited to work done by Scott. Nor was such limitation imposed by a subsequent letter dated November 1, 1968, sent directly to plaintiff, and set out in our factual summary.

Paragraph 5 of defendant's answer alleged it "agreed to pay from the loan funds of Mark E. Scott and the Scott Lumber Company, the sum of $7,500.00 to the plaintiff * * * at such time as the construction on the properties reached a stage wherein the investment was such that the payments would be justified." Again there was no mention of required completion by Scott. Plaintiff's affidavits in support of its motion and in resistance to defendant's motion, do not include this requirement as any part of the contract.

*Both* parties did not assert construction had to be completed by Scott—on the contrary, the affidavits and pleadings before trial court demonstrated a conflict on this fact issue. Defendant failed to carry the burden of showing no material fact issue as to that part of the alleged agreement. Its motion for summary judgment should have been overruled.

Reversed, and remanded for trial.

All Justices concur, except McCORMICK, J., who takes no part.