**Edna PRIOR, Appellee,**

v.

**Henry RATHJEN et al., Appellants.**

**No. 55007.**

Supreme Court of Iowa.

June 29, 1972.

Morris C. Hurd, Ida Grove, for appellant Crawford Elevator Co.

Bruce M. Snell, Jr., Ida Grove, for appellee.

RAWLINGS, Justice.

Trial court sustained plaintiff's (landlord's) motion for summary judgment by default against defendants Rathjen (tenants), and over resistance of defendant Crawford Elevator Co. (elevator). The latter alone appeals from entry of adverse judgment. We affirm.

In material part Division I of landlord's verified petition alleges she, by written agreement, rented an Ida County farm to tenants for a period of one year commencing March 1, 1970. Tenants thereby agreed to pay $4650 rent, one-half payable July 1, 1970, remainder due January 2, 1971. They took possession, paid only the first half rent, leaving the second half, or $2325 unpaid and owing. Landlord owns the lease and rent claimed. By terms of the agreement landlord has a lien, both statutory and contractual, on all personalty owned, kept or used on the premises. Prayer is for judgment against tenants, that the lien be established, foreclosed, and attachment issue.

The second division reiterates relevant portions of Division I. It then alleges tenants covenanted no grain raised on the premises would be removed during the lease period, prior to full payment of all rent. Tenants planted 76 acres to soybeans, harvested the crop and sold it to elevator, absent landlord's consent. Elevator received and converted to its own use 2300 bushels of aforesaid beans, having a value of $3400. Landlord's lien impressed share of $2325 was so taken and converted by elevator for which landlord had unsuccessfully made demand. There follows a corresponding prayer for judgment against elevator.

March 17th elevator filed appearance.

April 6, 1971, absent any answer by elevator to landlord's petition, landlord moved for summary judgment against tenants and elevator. This is the substance of the verified allegations therein set forth: Elevator purchased landlord's soybeans from tenants and converted them to its own use as alleged in the petition; this constituted a conversion making elevator liable to landlord as lienholder in the amount previously prayed; the allegations of her petition are true and she believes elevator has no defense to landlord's action.

April 13, 1971, this sworn affidavit of Ernest A. Poole, elevator manager, was alone filed in resistance to landlord's summary motion:

"1. That I admit that Division II of Plaintiff's Petition alleges a claim against Defendant Crawford Elevator Co.

"2. That I deny that the Crawford Elevator Co., a grain company, purchased any grain belonging to or owned by Plaintiff, Edna Prior, from Defendant Rathjen; that said grain company converted none of Plaintiff's soybeans to its use as stated in the Petition.

"3. That Defendant Crawford Elevator Co., has now appeared in this action.

"4. That Crawford Elevator Co., bought no soybeans owned by Plaintiff from Defendant Rathjen without Plaintiff's consent, and performed no actions which would constitute a conversion to its own use of such soybeans making said defendant liable to the Plaintiff as lienholder in damages.

"5. That Plaintiff is not entitled to damages against Crawford Elevator Co. as prayed in the Petition.

"6. That he admits Plaintiff's Petition is verified.

"7. That Defendant, Crawford Elevator Co., has a defense against this claim, and affiant asserts under oath that the facts constituting the claim are untrue.

"8. That Defendant Crawford Elevator Co. asserts that Plaintiff is not entitled to judgment against it as claimed in the Petition because said Defendant will raise a good and sufficient defense in its answer and at trial."

Contemporaneously elevator filed a motion to annul, set aside and release landlord's attachment. That motion, after hearing, was overruled.

Elevator here contends trial court erred in (1) sustaining the summary judgment motion against it; (2) overruling elevator's motion to annul, set aside and release landlord's attachment. These assignments will be considered in the order presented.

I. Several of our recent opinions have set forth and discussed, at some length, various relevant provisions of Iowa R.Civ. P. 237 regarding summary judgments. Repetition will serve no useful purpose. See Davis v. Travelers Insurance Company, 196 N.W.2d 526, 529–530 (Iowa); Jensen v. Voshell, 193 N.W.2d 86, 88–89 (Iowa); Continental Illinois National Bank & Trust Co. of Chicago v. Security State Bank, 182 N.W.2d 116, 118–119 (Iowa); Sherwood v. Nissen, 179 N.W.2d 336, 338–340 (Iowa); Northwestern Nat. Bank of Sioux City v. Steinbeck, 179 N.W. 2d 471, 475–477 (Iowa); Bauer v. Stern Finance Company, 169 N.W.2d 850, 852–855 (Iowa); Orcutt v. Hanson, 163 N.W.2d 914, 917 (Iowa). See also 6 J. Moore, Federal Practice, § 56.23 (2d.).

■ Because of instant applicability we do, however, interpose these statements from Gruener v. City of Cedar Falls, 189 N.W.2d 577, 580 (Iowa);

"Involved here is the basic purpose of summary judgment procedure. * * * By proper motion, *a party can compel his adversary to come forth with specific facts which constitute competent evidence showing a prima facie* claim or *defense.* Paper cases and defenses can thus be weeded out to make way for litigation which does have something to it. (Emphasis supplied).

"The language of our rule on summary judgments is very strong. Rule 237(e), Rules of Civil Procedure. * * * Conclusions and beliefs are insufficient: 'shall set forth such facts as would be admissible in evidence.' * * * When the motion itself is substantiated, the opposing party cannot simply rely upon his pleadings, for the pleadings are the very instruments that the procedure is designed to pierce: 'an adverse party may not rest upon the mere allegations or denials of his pleading.' Neither can the opposing party assert only generalities in resistance: 'his response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial.' (Italics added.)"

Then in Sherwood v. Nissen, 179 N.W. 2d at 339, this court noted: "Rule 237 is patterned on federal rule 56, and federal interpretations are persuasive." See also State v. Mulqueen, 188 N.W.2d 360, 363 (Iowa).

II. Paragraphs 1, 3 and 6 of Mr. Poole's affidavit, quoted above, are not here significant.

Landlord contends, however paragraphs 2, 4 and 5 consist of negatives pregnant, which qualify as implied admissions, thus presenting no genuine issue of fact for trial. See Clark on Code Pleading, pages 588–591 (2d ed.); 61 Am.Jur.2d, Pleading, § 173; 71 C.J.S. Pleading § 151; Black's Law Dictionary, page 1183 (rev. 4th ed.). See generally All Electric Service, Inc. v. Matousek, 46 Wis.2d 194, 174 N.W.2d 511, 515.

The negative pregnant concept has been and is generally employed in determining the legal sufficiency of a pleading. See Davis v. Green, 260 U.S. 349, 350–352, 43 S.Ct. 123, 124, 67 L.Ed. 299; Callanan, et al. v. Williams, et al., 71 Iowa 363, 364, 32 N.W. 383; Stucksleger v. Smith, 27 Iowa

286, 287; Sheldon, Hoyt & Co. v. Middleton, 10 Iowa 17, 19; Prestin v. Baumgartner, 47 Wis.2d 574, 177 N.W.2d 825, 827–828.

But recently some courts and text writers have tended to look with disfavor on this doctrine. In so doing they take the position it is an overrefined tenet of the common law which, like many other technical fictions, has been abrogated ·by statute. See Iowa R.Civ.P. 67–120; Frank v. Solomon, 94 Ariz. 55, 381 P.2d 591, 594; Wingfoot California Homes Co. v. Valley National Bank, 80 Ariz. 133, 294 P.2d 370, 372–374 (dissent); 2A J. Moore, Federal Practice, § 8.24, page 1831, n. 5 (2d ed.).

In any event it is neither essential nor do we invoke the negative pregnant theory in our determination of this summary judgment proceeding.

■ III. What then of the rule 237(e) requirement that supporting and opposing affidavits shall set forth such facts as would be admissible in evidence?

By paragraphs 2, 4 and 5 Mr. Poole says, in essence, elevator purchased no soybeans belonging to landlord from tenants without consent of the former; converted no such beans to its own use; and is not liable to landlord.

These allegations are clearly nothing more than bare formal conclusory denials, thus deficient under rule 237(e).

On the other hand elevator argues Mr. Poole's affidavit reveals genuine issues of fact as to whether elevator bought any of landlord's beans from tenant absent landlord's consent and converted same to its use.

■ Seemingly elevator would have us hold it was totally innocent and without any knowledge regarding landlord's assertions and resultantly Mr. Poole could not provide the required supportive facts.

For at least two reasons this argument must fall. First, as hereafter disclosed, elevator cannot be unequivocally said to have been totally innocent and possessed of no relevant information. Next, even if the situation were otherwise, it would be incumbent upon elevator, via Mr. Poole or by some other knowledgeable person, to set forth the reasons why, if any, it could not proffer proper evidentiary affidavits and invoke appropriate remedial process. This it did not do. See rule 237(f); 6 J. Moore, Federal Practice, §§ 56.15(5), 56.24 (2d ed.).

IV. We look now to Mr. Poole's affidavit in its entirety and more particularly the statements made in paragraphs 7 and 8. Reduced to bare essentials it is there alleged, *elevator has a defense* against landlord's claim *which will be later asserted by answer and at trial.*

At the outset this is patently inadequate.

"The rule provides that a party may not 'rest upon the mere allegations or denials of his pleading.' He must set forth specific facts showing there is a genuine issue. He cannot merely say there is one; but it must appear 'by affidavits or otherwise' that this is the case." Bauer v. Stern Finance Company, 169 N.W.2d at 853.

■ More specifically, as said in United States Steel Corporation v. United States, 305 F.Supp. 508, 513 (S.D.N.Y.): "It is well established * * * that a party opposing a motion for summary judgment is not entitled to rely on the hope of a subsequent magical appearance at trial of genuine issues of material fact. (Authorities cited)." See also Chapman v. Rudd Paint & Varnish Company, 409 F.2d 635, 643 (9th Cir.).

Moreover, paragraphs 7 and 8 clearly reveal, (1) elevator either knew of facts which were evasively omitted in support of paragraphs 2, 4 and 5, or (2) there were and are no extant substantial supportive facts, or (3) elevator hopes to develop some form of defense by delaying legalistic tactics.

In light of the foregoing the allegations in paragraphs 2, 4 and 5 are further exposed as bare formal conclusions, fatally deficient under rule 237 standards. See generally Blackhawk Heating & Plumbing Co. v. Driver, 140 U.S.App.D.C. 31, 433 F. 2d 1137, 1141–1142; Gruener v. City of Cedar Falls, 189 N.W.2d at 580; 35B C.J. S. Federal Civil Procedure § 1142(b).

We find no reversible error by trial court in sustaining landlord's motion for summary judgment against elevator.

V. Next to be considered is elevator's assertion trial court erred in overruling its motion to annul, set aside and release landlord's lien.

In support of that stand elevator contends, "[D]eputy Sheriff did not view the property to be attached nor inventory its exact description at length nor give the exact location of the property as required by R.C.P. 260(b), and because the writ of attachment does not identify any property that could be attached on the premises of the Crawford Elevator Co."

Sole authority cited in support of the foregoing, as best we can determine, is Iowa R.Civ.P. 260.

■ Inceptionally it stands without dispute landlord had a statutory and contractual lien on all crops grown on her land by tenants during the lease term. See The Code 1966, Chapter 570. This means landlord had an existing lien on the soybeans, heretofore considered in relation to her right to a summary judgment.

Trial court was reasonably justified in finding landlord leased the land described to tenants; they raised thereon approximately 2300 bushels of soybeans sold by them to elevator; the beans grown on landlord's farm were converted by elevator to its own use. And it is of no consequence whether elevator knew, at time of purchase, the rent due by tenants had not been paid, or there was an existing lien on the beans. Stated otherwise, elevator's lia-

bility cannot be avoided on any innocent purchaser for value claim. Also, the beans were subject to the instant levy despite the fact elevator had acquired possession thereof. See Hodges v. Trans-Mississippi Grain Company, 161 Iowa 496, 499–502, 143 N.W. 501; cf. Weaver v. Florke, 195 Iowa 1085, 1086–1087, 192 N.W. 23; Cutter v. Fanning, 2 Iowa 580, 585–591, 2 Clarke 580, 585–591.

■ VI. Furthermore it appears, under existing circumstances, the levy was effected in accord with rule 260.

Touching on the problem at hand is this comment in 96 A.L.R. 249, 266–267:

"The mingling and mixing of removed goods which are subject to a landlord's lien, with other goods not subject to the lien, so that the identity of each cannot be pointed out, does not impair the lien; rather, it rests on all the goods, when the mixing is done without the consent of the landlord by the tenant or purchaser, with fraudulent intent thereby to destroy the lien of the landlord, unless they are again separated by the tenant or purchaser; and the burden rests on the tenant or purchaser, who mixed them, to separate and identify the goods on which there is a lien from those on which there is no lien. Leader v. Romano (1923) 208 Ala. 635, 95 So. 7. And in City Nat. Bank v. Nelson (1928) 218 Ala. 90, 117 So. 681, 61 A.L.R. 938, it was held that a landlord's lien on cotton grown by his tenant, who had stored the same in a warehouse with other cotton in such a way that it had become so commingled with the latter that identification and separation were impossible, extended prima facie to the entire lot."

See Cutter v. Fanning, 2 Iowa 580, 590–591, 2 Clarke 580, 590–591.

So the intermingling of soybeans acquired from tenant with others possessed by elevator neither negated landlord's lien nor made her attachment unenforceable. See Code chapters 570, 639; Iowa R.Civ.P.

260; Ontario Livestock Commission Co. v. Flynn, 256 Iowa 116, 125–128, 126 N.W.2d 362. See also 1 Am.Jur.2d, Accession and Confusion, §§ 15–16; 15A C.J.S. Confusion of Goods §§ 3–7.

The levy was upon all beans then owned and possessed by elevator to secure the fair and reasonable market value of all landlord lien impressed soybeans at time and place of the taking. See Ontario Livestock Commission Co. v. Flynn, 256 Iowa at 126–128, 126 N.W.2d at 368–369; Cutter v. Fanning, 2 Iowa at ´590–591, 2 Clarke at 590–591.

It is thus apparent trial court did not err in overruling elevator's motion to annul, set aside and release landlord's lien.

Affirmed.

All Justices concur, except MOORE, C. J., and REYNOLDSON, J., who dissent.

REYNOLDSON, Justice (dissenting).

A summary judgment, depriving one of the litigants of his day in court, should not be based on an equivocal foundation. Here plaintiff's motion for summary judgment alleges:

"2. The Crawford Elevator Co., is a grain company in the business of buying and selling grain, and when it bought plaintiff's soybeans from the defendant Rathjen, converted said soybeans to its own use as stated in the petition."

This can only be construed as an allegation of plaintiff's *ownership* of the soybeans. It is the only material fact asserted in the motion: the balance consists mainly of legal conclusions. Ownership would support an action for conversion, which was the gravamen of plaintiff's claim against this defendant. See 89 C.J.S. Trover and Conversion § 3, pp. 533–534. Plaintiff's inconsistent petition and motion generated a fact issue.

It is to be conceded defendant's affidavit narrowly escapes disqualification as a "re-sistance." However, a sufficient affidavit may consist of ultimate *or* evidentiary facts. American State Bank v. Leaver, 261 Iowa 124, 153 N.W.2d 348 (1967); Eaton v. Downey, 254 Iowa 573, 118 N.W.2d 583 (1962). Here the defendant elevator denied plaintiff's ownership of any soybeans it purchased. This was a good defense to an action for conversion of "plaintiff's soybeans."

Plaintiff failed to carry the burden of showing no material fact issue on plaintiff's interest in, or ownership of, the soybeans. See Tip Top Distributing Co. v. Insurance Plan S. & L. Ass'n, 197 N.W.2d 565 (Iowa 1972). I would reverse and remand for further proceedings.

MOORE, C. J., joins in this dissent.